### Edward B. Fisher v. Charles Kyle.

*Evidence: Attorney's minutes.*   The minutes of an attorney in a cause, taken on the trial, when properly identified and their correctness proved, may be read in evidence to show, for the purpose of impeaching certain witnesses on a second trial, what they had testified to on a former trial.

*Sunday: Taking prisoner to jail: Hiring horse: Contract.*   Taking a prisoner to jail on Sunday, under legal process, is a work of necessity; and hiring a horse for that purpose is not an illegal contract under the statute.

*Trover: Hired Horse: Driving in excess of the contract.*   One who hires a horse for a specified journey, and drives it beyond what his contract contemplated, takes upon himself all the consequences of such additional driving, and if the horse dies while being so driven, he is liable in trover for its value.

*Submitted on briefs July 8.   Decided July 15.*

Error to Oakland Circuit.

This was an action of trover, brought by Kyle against Fisher, to recover the value of a certain horse.

*W. B. Jackson* and *Charles Draper*, for plaintiff in error.

*Crofoot & Brewer*, for defendant in error.

COOLEY, J.

We think the court erred in refusing to allow the witness Draper to read to the jury the minutes taken by him of the testimony of Kyle and Sawyer on a former trial. Draper was employed as attorney for Fisher in the former trial, and testified that as such he made minutes of the testimony of these witnesses, which he knew to be correct. He was then asked to read these minutes in evidence, but on objection, the court refused to permit it.

Had Draper testified to any present recollection of what these witnesses swore to, he would have been allowed to state what it was. But clearly his minutes, taken at the time, and which he swore were correct, were much less liable to err than any recollection he might have could possibly be. His minutes embodied his understanding of the evidence at the time, and would remain the same, and not become varied in the lapse of time; but his recollection, which would start with the same understanding, was constantly liable to be more or less perverted and changed, or, in material parts obliterated from the memory. It could not possibly, therefore, be more certain than the minutes, and as every variation from the minutes must render it more uncertain and unreliable, any rule of evidence which would admit the recollection and exclude the minutes must obviously be illogical and unsound. We approve, in this regard, of the case of *State v. Rawls, 2 N. & McC., 334,* and *Halsey v. Sinsebaugh, 15 N. Y., 486,* which we think lay down the true rule, and explain the origin of some misapprehensions regarding it.

Upon the principal question involved in the case we think no error was committed. Fisher hired a horse of Kyle to convey an officer who was taking a prisoner to jail on Sunday under legal process. The purpose must be regarded one of necessity, and the contract was consequently not made illegal by the statute. The distance is shown to have been sufficient for a day's journey, and was made in

a single day; but Fisher then drove the horse further, on occasions of his own, and it fell dead in the course of the driving.    This additional driving was tortious.    It was not contemplated by the contract, and Fisher must take upon himself all the consequences.    It is apparent that the question whether he would have been in like manner liable had the contract of hiring been illegal, does not arise, and consequently it would be improper for us to discuss it.

The judgment must be reversed, with costs, and a new trial ordered.

Graves, J., and Christiancy, Ch. J., concurred.

Campbell, J., did not sit in this case.