BAKER v. COSTELLO.

1. AUTOMOBILES—NEGLIGENCE—ORDINARY NEGLIGENCE—DENIAL OF HOST-GUEST RELATIONSHIP.

Under the guest act a plaintiff who relies upon a charge of ordinary negligence must show that the host-guest relationship did not exist in order to have a cause of action (1 Comp. Laws 1929, § 4648).

2. PLEADING—NEGATIVE AVERMENT—BURDEN OF PROOF.

The general rule is that the burden of proof lies on the party who makes the averment even though it be a negative one. ·

3. AUTOMOBILES—HOST AND GUEST—BURDEN OF PROOF.

In action to recover damages because of death of wife in automobile accident, where plaintiff failed to maintain burden of proof that relation of host and guest did not exist between defendant and plaintiff's wife who was riding in defendant's car, verdict was properly directed for defendant (1 Comp. Laws 1929, § 4648).

Appeal from Menominee; Bell (Frank A.), J. Submitted January 15, 1942. (Docket No. 84, Calendar No. 41,341.) Decided March 17, 1942.

Case by Charles A. Baker against James Costello for damages sustained when plaintiff's wife was killed in an automobile accident. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*M. P. Sawyer,* for plaintiff.

*Doyle & Doyle,* for defendant.

BUSHNELL, J. Plaintiff Charles A. Baker sought to recover damages because of the death of his wife in an automobile accident which occurred during the

early morning of November 14, 1939, on US-41, near Stephenson, Michigan. Defendant James Costello, while driving his car in a southerly direction, collided with a truck which was parked on the shoulder of the highway with perhaps an inch or two of its body overhanging the pavement. Plaintiff's wife and defendant's wife, who were riding in Costello's car, were killed in the collision.

The allegations of plaintiff's declaration are confined to a charge of ordinary negligence. It is specifically averred in the declaration that plaintiff's wife "was not then and there a guest of the said defendant James Costello." Defendant in his answer denied "that the said wife of the plaintiff was not then and there a guest of the said defendant," et cetera, and specifically averred that "said wife of plaintiff was then and there being transported by the owner and operator of said motor vehicle as his guest without payment for such transportation."

Evidence was produced by plaintiff in support of certain allegations of the declaration, but no proofs were tendered in support of the negative averment that the decedent "was not then and there a guest of the said defendant;" nor was any attempt made to prove that the accident was caused by "the gross negligence or wilful and wanton misconduct" of Costello. Defendant, having moved for a directed verdict at the close of plaintiff's opening statement, did not thereafter offer or produce any proofs.

At the close of plaintiff's case the court directed a verdict in favor of the defendant and made the following explanation to the jury:

"The plaintiff does not seek to recover under that statute (guest act), but seeks to recover under the rule of ordinary negligence. But he offers no evidence to show what the relations of the parties were, so he leaves the court and the jury right in the air,

and we cannot speculate. The natural inference would be from the relation such as has been described this morning, and as admitted in the pleadings, that this lady was riding as a guest. Therefore, under the pleadings here and under the evidence there could be no recovery.

"Now it is the duty of the plaintiff, if he seeks to recover under the claim that the lady was not a guest, to show what her relation was, and there is no such showing here. So the evidence is entirely too chimerical and too speculative to warrant any verdict at your hands for the plaintiff, and your verdict must be for the defendant, for the plaintiff has not established a case within the law."

The controlling question presented by this appeal is stated by the parties as follows:

"Is the burden on plaintiff to prove that the relation of his deceased wife to defendant driver of the automobile who caused her death was not that of host-guest?"

The statute to which the trial judge referred is 2 Comp. Laws 1929, § 4648 (Stat. Ann. § 9.1446). It contains a proviso commonly known as the "guest act," which reads as follows:

"That no person, transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or wilful and wanton misconduct of the owner or operator of such motor vehicle and unless such gross negligence or wilful and wanton misconduct contributed to the injury, death or loss for which the action is brought."

The question of who has the burden of proof of a negative averment has been the perplexing source of

many decisions. We have no desire to add to the complexity of the authorities by extended discussion of the question.

The phraseology of the statutory proviso is significant. Had the legislature intended that the burden of proof of the guest relationship be upon the defendant, it would not have said that "no person * * * shall have a cause of action * * * in case of accident," et cetera. The language of the statute indicates that the legislature intended that a plaintiff who relies upon a charge of ordinary negligence must show that the host-guest relationship did not exist in order to have a cause of action. Where the probability of the host-guest relationship appears on the face of the declaration, or is indicated by the circumstances, a cause of action based on ordinary negligence is not stated unless such relationship is denied. The general rule is that the burden of proof lies on the party who "makes the averment even though it be a negative one." Reynolds' Trial Evidence and Cross Examination (Pocket Ed.), p. 166. This rule is followed in this jurisdiction with respect to the negative averment of freedom from contributory negligence.

The burden of proof in this case was upon the plaintiff. He failed to maintain that burden and the trial judge properly directed the jury to bring in a verdict for the defendant.

The judgment entered upon the directed verdict is affirmed, with costs to appellee.

CHANDLER, C. J., and BOYLES, NORTH, STARR, BUTZEL, and SHARPE, JJ., concurred. WIEST, J., did not sit.