BREDEWEG v. BOYCE.

1. AUTOMOBILES—GUEST PASSENGERS—ORDINARY NEGLIGENCE.
   The owner of an automobile is not liable to a guest passenger for damages arising from ordinary negligence in the operation of the car (1 Comp. Laws 1929, § 4648).

2. SAME—BURDEN OF PROOF—EVIDENCE.
   The burden is upon a plaintiff, suing estate of a motorist in whose car she was riding, to establish every material element of the case by a preponderance of the evidence.

3. SAME—NEGLIGENCE—TRANSPORTATION FOR HIRE.
   In action by plaintiff who claimed she was an employee of deceased motorist, it is an essential element to recovery for damages due to ordinary negligence that she show the existence of some benefit flowing to him by reason of, or in connection with, her being a passenger at the time of the accident, which would amount to payment for her transportation (1 Comp. Laws 1929, § 4648).

4. SAME—ORDINARY NEGLIGENCE—DENIAL OF HOST-GUEST RELATIONSHIP.
   Under the guest act a plaintiff who relies upon a charge of ordinary negligence must show that the host-guest relationship did not exist in order to have a cause of action (1 Comp. Laws 1929, § 4648).

---

REFERENCES FOR POINTS IN HEADNOTES

[1–5] 5 Am. Jur., Automobiles, §§ 237, 239–243.

[1–5] Who is guest within contemplation of statute regarding liability of owner or operator of motor vehicle for injury to guest, 82 A.L.R. 1365; and 95 A.L.R. 1180.

[1–5] Paying or sharing cost of gas and oil on pleasure trip as affecting one's status as a guest within automobile guest statute, 155 A.L.R. 575.

[1–5] Liability of owner or operator of automobile for injury to guest, generally, 20 A.L.R. 1014; 26 A.L.R. 1425; 40 A.L.R. 1338; 47 A.L.R. 327; 51 A.L.R. 581; 61 A.L.R. 1252; and 65 A.L.R. 952.

5. SAME—ORDINARY NEGLIGENCE—TRANSPORTATION FOR HIRE—BUR-
    DEN OF PROOF—EVIDENCE.

> In action by passenger of deceased motorist against his estate
> for injuries arising from his ordinary negligence, plaintiff did
> not meet the burden resting on her by a showing that she had
> done his housework, cooking, laundry and had taken telephone
> calls in his home and took care of him during his illness and
> that accident occurred while he was on a business trip as there
> is no showing that plaintiff's accompaniment on the trip was a
> benefit to the deceased.

Appeal from Kent; Brown (William B.), J. Submitted June 15, 1948. (Docket No. 54, Calendar No. 44,117.) Decided September 8, 1948.

Case by Hannah E. Bredeweg against Lelia Boyce, administratrix of the estate of Howard Norman MacGregor, deceased, for personal injuries sustained while riding in deceased's automobile. Verdict and judgment for plaintiff. Defendant appeals. Reversed without new trial.

*Harold S. Sawyer, Jr.,* and *Warner, Norcross & Judd,* for plaintiff.

*Mitts & Smith* (*F. Roland Allaben,* of counsel), for defendant.

DETHMERS, J. Defendant appeals from judgment for plaintiff for damages on account of personal injuries sustained by her in an accident which plaintiff claims was caused by the ordinary negligence of the defendant's decedent in his operation of an automobile in which the plaintiff was a passenger.

For some time prior to the accident plaintiff had received board and room from defendant's decedent, hereinafter called defendant, in exchange for which she did his housework, cooking and laundry and answered the telephone in his home. Plaintiff contends

that, in consequence, she was his employee. The defense, on the other hand, denies the employer-employee relationship and terms the arrangement merely a "mutual undertaking" for a "mutual cooperative household." For a period of 2 or 3 weeks, up until a few days before the accident, defendant had been sick and plaintiff had taken care of him.

On the day before the accident defendant drove an automobile from his home in Wayland to Lansing on what plaintiff calls a business trip and the defense insists was but a pleasure trip. He was accompanied by plaintiff. On the following day they left Lansing and while defendant was driving toward Williamston the accident occurred. Plaintiff testified as to her purpose in accompanying defendant on the trip, but, on objection by the defense, that testimony was stricken from the record. There is no other testimony explanatory of her presence in the automobile or her status as a passenger nor disclosing the reason for which she accompanied defendant on the trip.

If plaintiff was a guest passenger, her right to recover is barred by the so-called guest act. 1 Comp. Laws 1929, § 4648 (Stat. Ann. § 9.1446). It is the contention of the defense "that there is no evidence in this case to take this case out from under the operation of the Michigan guest act."

Plaintiff urges that the evidence establishes an employer-employee relationship between defendant and plaintiff; that there is no proof of any other relationship between them; that defendant had but a few days before risen from a sick bed on which he had been cared for by plaintiff; that these proofs presented a question of fact for determination by the jury as to whether plaintiff was a guest passenger.

The burden was upon plaintiff to establish every material element of her case by a preponderance of

the evidence. An element essential to her case is the existence of some benefit flowing to defendant by reason of or in connection with her being a passenger at the time of the accident, which would amount to payment for her transportation. *Peronto v. Cootware*, 281 Mich. 664; *Bushhouse v. Brom*, 297 Mich. 616; *Herman v. Metal Office Furniture Co.*, 317 Mich. 185. In *Baker v. Costello*, 300 Mich. 686, in discussing the guest act, this Court said:

"The controlling question presented by this appeal is stated by the parties as follows:

" 'Is the burden on plaintiff to prove that the relation of his deceased wife to defendant driver of the automobile who caused her death was not that of host-guest?' * * *

"The language of the statute indicates that the legislature intended that a plaintiff who relies upon a charge of ordinary negligence must show that the host-guest relationship did not exist in order to have a cause of action. * * *

"The burden of proof in this case was upon the plaintiff. He failed to maintain that burden and the trial judge properly directed the jury to bring in a verdict for the defendant."

The burden thus reposing on plaintiff was not met by testimony that defendant employed plaintiff to do his housework, cooking, laundry and taking of telephone calls in his home or that she took care of him during his illness and that the accident occurred while defendant was on a business trip. There is no evidence in the case to show any relationship between her employment, as she claims, for the performance of such tasks and her presence as a passenger in the automobile and her accompanying defendant on the trip. The mere fact that an employer-employee relationship may have existed between them in some other field constitutes no proof that her accompanying defendant on the trip was of

some benefit to him, other than social, so as to remove the case from the operation of the guest act. Plaintiff's declaration alleges that she accompanied defendant for the purpose of assisting him in driving the automobile. The allegation was supported by no proof whatsoever. Neither was it shown that because of defendant's recent illness he was still in need of plaintiff's care on the trip or that she accompanied him for that purpose. It was not, as plaintiff suggests, incumbent upon the defense to prove the existence of the host-guest relationship between defendant and plaintiff.

Judgment reversed without a new trial and with costs of both courts to defendant.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, BUTZEL, and CARR, JJ., concurred.