GERMIQUET *v.* HUBBARD.
BOERMA *v.* SAME.

1. AUTOMOBILES—ACCIDENT REPORT TO DEPUTY SHERIFF—EVIDENCE.
Report by defendant truck driver of accident in which plaintiffs were injured, made to deputy sheriff who investigated accident was not admissible in action for injuries sustained (CL 1948, § 256.330).

2. APPEAL AND ERROR—QUESTIONS REVIEWABLE—AUTOMOBILE ACCIDENT REPORT—REFRESHING RECOLLECTION.
Whether or not report of automobile accident to deputy sheriff could properly be used to refresh recollection of such deputy in action between parties involved in accident is not determined where no objection was made on such ground and he testified his recollection was not refreshed by such report.

3. AUTOMOBILES—EVIDENCE—ACCIDENT REPORT—STATUTES.
Permitting a deputy sheriff to whom a report of an automobile accident had been made, and who had no recollection of the accident whatever, to state, in answer to questions of counsel, merely what the report showed constituted a violation of the clear intent of statute requiring that such report be made but barring its use in court, hence denial of motion to strike such testimony was error (CL 1948, § 256.330).

4. EVIDENCE—STATUTES BARRING RECORD REFRESHING RECOLLECTION.
While a record of a past recollection, authenticated by proof, is competent evidence where the maker testifies it was true when made, where the record is specifically barred from use in court,

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 5 Am Jur, Automobiles, § 625.
[1, 3] Admissibility of report of operator filed pursuant to law, respecting automobile accident. 69 ALR 905.
[2] 3 Am Jur, Appeal and Error, § 343.
[5, 7] 3 Am Jur, Appeal and Error, § 940.
[6] 5 Am Jur, Automobiles, § 636.

it is not permissible to permit the maker to read it to the jury, especially where the witness has no independent recollection of the facts (CL 1948, § 256.330).

5. AUTOMOBILES—EVIDENCE—REPORT OF ACCIDENT.

Testimony of deputy sheriff who had no independent recollection of automobile accident reported to him by driver of car in which plaintiffs were riding as to what such driver had told him, which testimony tended to impeach testimony of such driver and to corroborate defendant truck driver that his tail light had been working before he was run into from the rear may not be said not to have materially affected conclusions of the jury, hence denial of motion to strike it was prejudicial error.

6. EVIDENCE—ADMISSIONS—RES GESTAE—PRINCIPAL AND AGENT.

Plaintiffs, passengers in car, which collided with rear end of defendant's truck at 8 o'clock in the evening, late in August, were not bound by admissions of driver of car in which they were riding, made to deputy sheriff after the accident where it does not appear his statements were part of the *res gestae* or that he was their agent with power so to bind them.

7. APPEAL AND ERROR—IMPROPERLY ADMITTED EVIDENCE—CONSIDERATION BY JURY—INSTRUCTIONS.

It is inferred that jury used improperly admitted evidence for purpose of impeaching testimony of a material witness for plaintiffs and in corroborating defendant where it tended to substantiate defendant's claims in such respects in the absence of trial court's charge to jury in the record showing consideration of testimony was limited in any way.

Appeals from Muskegon; Sanford (Joseph F.), J. Submitted January 10, 1950. (Docket Nos. 33, 34, Calendar Nos. 44,656, 44,657.) Decided March 1, 1950.

Separate actions of case by Edna Germiquet and Vernie Boerma against Rowley Hubbard for injuries sustained in accident. Verdict and judgments for defendants. Cases consolidated on appeal by plaintiffs. Reversed and remanded for entry of order granting new trial.

*Hathaway & Latimer,* for plaintiffs.

*Alexis J. Rogoski* and *John B. Olsen,* for defendant.

CARR, J. These cases have resulted from an automobile accident occurring on August 28, 1946. At the time plaintiffs were passengers in an automobile being driven by Noble Boerma in an easterly direction on State trunk-line highway 46 in Muskegon county. Defendant was driving a Chevrolet dump truck in the same direction, preceding the car in which plaintiffs were riding. As he approached the intersection of a county road with the trunkline highway defendant stopped for the purpose, it is claimed, of making a left turn. The car driven by Boerma ran into the rear of the truck, resulting in injuries to plaintiffs. Suits were started by them to recover damages from the defendant, which actions were tried together. The appeals have been submitted on the same record.

Plaintiffs alleged in their declarations that defendant was negligent in failing to signal his intention to stop or turn, in bringing his vehicle to a stop without first ascertaining that such movement could be made in safety, and in not having a rear light on his truck. The proofs in the case indicate that the accident happened shortly after 8 o'clock in the evening. Defendant by his answers denied negligence on his part.

On the trial of the cases before a jury in circuit court, Noble Boerma testified concerning his operation of his automobile and the observations made by him preceding the collision. It was his claim, stated positively, that the truck had no light of any kind displayed on the rear. He testified further that he was looking ahead down the road as he approached the intersection, that he did not see any flasher or

other signal, that he was unable to prevent the accident by stopping his car after he discovered the truck, and that he could not turn out to avoid it because of automobiles approaching from the opposite direction. He claimed also that when he first saw the truck he immediately applied his brakes. Plaintiff Edna Germiquet testified that she saw no light on the rear of the truck. Harriet Boerma, wife of the driver, who was riding in the front seat of the car with him, also corroborated his testimony. The other plaintiff, called as a witness, stated that she was in the back seat of the car, paid no attention to the driving, and did not see the truck prior to the collision.

Testifying as a witness in his own behalf, defendant Hubbard claimed that the lights on his car, including the tail light, were on prior to the accident. In substance he denied any negligence on his part. He further claimed that following the accident he had a talk with Noble Boerma, and the latter stated that the lights of the automobiles approaching from the east were so bright that he was blinded and could not see whether or not defendant's truck had a tail light.

The accident was investigated by a deputy sheriff of the county who took from Mr. Boerma a report of the accident pursuant to the statute (CL 1948, § 256.330 [Stat Ann 1947 Cum Supp § 9.1590]). The deputy was called as a witness for defendant after the latter had testified. After stating that he had taken the statutory report, he testified as follows:

"*Q.* Did you have some talk with Mr. Boerma as to how the accident took place?

"*A.* I did.

"*Q.* And what did he tell you?

"*A.* (Referring to accident report). He told me he was blinded by the lights of the oncoming traffic and did not see the truck.

"*Q.* Did he make any complaint to you there was no tail light on the truck at that time?

"*A.* Not that I recall.

"*Q.* Or did he make any complaint that the driver of the truck hadn't signalled?

"*A.* Not that I recall."

On cross-examination the witness admitted that he had no recollection with reference to the statement made to him by Boerma, to which he had testified on direct examination. He further said that the report did not refresh his memory as to what took place and, in substance, that his actual knowledge was limited to the fact that he made out the report. He did not recall whether the conversation with Boerma, indicated by the report, occurred at the scene of the accident or subsequently at a hospital. Neither did he recall that the parties were at the scene of the accident at the time he made his investigation. The record was not offered in evidence, presumably for the reason that under a provision of the statute above cited any report made thereunder by the driver of a motor vehicle involved in an accident resulting in serious damage to a vehicle, or in personal injury or death, "shall not be available for use in any court action." It appearing that the witness did not remember what statements Boerma made to him, and that his recollection was not aided in any way by the report, counsel for plaintiffs moved to strike out the testimony of the deputy, asking at the time that the court instruct the jury to disregard it. The motion was denied.

The jury returned verdicts in favor of the defendant. The jury also found, in answer to special questions submitted, that the injuries to the plaintiffs were caused solely by the negligence of Boerma, and that the tail light on defendant's truck was on immediately prior to the collision. Plaintiffs' motions for new trials were denied. From the judg-

ments entered, plaintiffs have appealed, claiming that the court was in error in denying the motion to strike the testimony of the deputy sheriff and that such error was sufficiently prejudicial to require reversals.

It is conceded that the report made to the officer was not admissible in evidence. Whether it could be properly used to refresh the recollection of the witness does not require specific consideration. The record does not indicate that any objection was made on that ground; and, in any event, it is obvious from the testimony of the deputy sheriff that his recollection was not refreshed. The practical situation is that the witness, having no recollection whatever, stated, in answer to the questions of counsel, merely what the report showed. Plaintiffs insist that permitting this to be done violated the clear intent of the statute with reference to the use of a report made to a police officer by one involved in an accident.

The statute in question has been before this Court in several prior cases. In *Delfosse* v. *Bresnahan,* 305 Mich 621, a report made by the defendant to the chief of police was excluded under the statute above cited. It was held, however, that the officer was properly permitted to testify as to certain observations that he made following the accident, including marks on defendant's car. The testimony was apparently based on the recollection of the witness, and given without any use of the report. This case was followed in *Heiman* v. *Kolle,* 317 Mich 548. There the police officer to whom the report was made by the defendant was permitted to testify as to statements that defendant made to him. No attempt to introduce the report in evidence was made, nor does it appear that the witness read from it in answering the questions propounded to him. The foregoing decisions are both distinguishable from the case at bar.

Counsel for defendant also cites *Baumgarten* v. *Tasco,* 312 Mich 161. There the trial court admitted in evidence a report made by a police officer of the city of Detroit to the accident prevention bureau of the police department. The witness testified that he had investigated the accident and, in connection therewith, had talked with several persons, including one of the defendants in the case. Objection on the ground that the report was privileged was made by counsel for defendants and overruled, the trial judge indicating that the report, insofar as material, would be received. The objection noted was not urged in this Court. Because of the form and contents of the exhibit it may fairly be inferred that it was not considered, either by the trial court or by this Court, as a report required, in certain instances, to be made to a police officer by one who is involved in an accident. It was, rather, a summary of the information that the investigator had received, not only from the defendant but also from others. The witness testified that he did not have a personal recollection of what the persons interviewed told him, but that whatever he wrote down at the time was a correct report. This Court held that the exhibit was properly admitted as to the statements made by the defendant, and that inasmuch as no objection had been based on the fact that the exhibit set forth statements made by other parties, the defendants were not in position to complain. Obviously the facts involved were not analogous to those in the instant case.

In *Trafamczak* v. *Anys,* 320 Mich 653, a deputy sheriff to whom the defendant had made the statutory report was permitted to read therefrom, in answer to questions propounded to him, that defendant had admitted falling asleep immediately prior to the accident. As in the case at bar, the answers of the witness clearly showed that he had no

recollection of the matter, and that his testimony was based entirely on the report. Subsequently, on motion, the testimony was stricken out. On appeal by the defendant this Court held that the testimony was incompetent but that the action of the trial court in granting the motion to strike cured the error, in view of other proofs in the case.

Counsel for defendant, in support of their claim that the trial court was not in error in denying the motion to strike the testimony of the deputy sheriff, called attention to a number of decisions recognizing the rule that in the event that a witness has no recollection of material facts, but is able to testify that, at a time when he did have personal knowledge thereof, he made a true and correct record, such record may properly be received in evidence. Under the prior holdings of this Court it may be regarded as settled law that under proper circumstances a record of a past recollection, authenticated by proof, is competent. *Baumgarten* v. *Tasco, supra,* must be regarded as so holding. In *Koehler* v. *Abey,* 168 Mich 113, the Court quoted with approval from the headnote to the opinion of the supreme court of South Carolina in *State* v. *Rawls,* 2 N & McC (SC) 331, as follows:

" 'Where a person, who is a witness to a particular transaction, has made a memorandum, at the time, of certain facts, for the purpose of perpetuating the memory of them, and can, at any subsequent period, swear that he had made the entry at the time for that purpose, and that he knows from that memorandum that the facts did exist, it will be good evidence, although the witness does not retain a distinct recollection of the facts themselves.' "

In *Rice* v. *Fidelity & Casualty Co. of New York,* 250 Mich 398, it was said:

"This Court has held that a memorandum made by a witness, at the time, if the witness has no present remembrance, and his recollection is not refreshed by his *own* memorandum, may, if the witness testifies it was true when made, be admitted in evidence. *Fisher* v. *Kyle,* 27 Mich 454; *Spalding* v. *Lowe,* 56 Mich 366; *Koehler* v. *Abey,* 168 Mich 113."

See, also, *Union Ice Co.* v. *Detroit & M. R. Co.,* 178 Mich 346.

None of the decisions to which our attention is directed involved an express provision of a statute barring the use of the record or memorandum in question in any court action. Under the inhibition of the above cited provision from the Michigan motor vehicle law in force at the time of the trial of these cases in the circuit court, and substantially re-enacted by the present motor vehicle code (PA 1949, No 300, §§ 622, 624 [Stat Ann 1949 Cum Supp §§ 9.2322, 9.2324]), the report itself was not admissible in evidence. As before noted, such fact is conceded. Permitting the witness to read therefrom actually resulted, however, in placing a part of the report in evidence before the jury. We are not dealing with the admissibility of a memorandum made by a witness having at the time knowledge of the facts, but being unable to recall them to mind when called as a witness in the case, where there is no bar created by law to the admission of such memorandum in evidence. If under a situation of the character presented in the instant case, the report, or any part of it, can be put in evidence by reading it to the jury, the obvious purpose of the legislature is defeated. The statute forbids such use of the report. The trial court was in error in denying the motion to strike the testimony of the deputy.

On behalf of defendant it is contended further that if permitting the testimony in question to stand was erroneous such error was harmless. With this

contention we are unable to agree. It is obvious from a reading of the record that the determination of the questions involved depended on the weight given by the jury to the testimony of the witnesses. The driver of the car in which the plaintiffs were riding was of course a material witness in their behalf. The testimony of the deputy tended strongly to impeach the claim of Boerma that there was no light displayed on the rear of the truck. It may be noted in passing that the record does not show that any proper foundation was laid for such impeachment. Boerma was not asked when on the witness stand if he made to the officer the statement that the latter read from the record. However no objection, based on such fact, was made. As appears from the summarization of the testimony above set forth, the deputy was called to the witness stand immediately following defendant who had testified as to alleged statements made to him by Boerma to the effect that if there was a rear light on the truck he (Boerma) was unable to see it because he was blinded by the lights of the cars proceeding westerly on the highway. The testimony improperly permitted to stand tended to corroborate defendant's testimony, and also to impeach the claims of the plaintiffs in the case. However, the latter were not bound by admissions made by the driver following the accident, it not appearing that his statements were part of the *res gestae* or that he was an agent empowered to so bind them. *Hyatt* v. *Leonard Storage Co.*, 196 Mich 337; *Phinney* v. *Detroit United Railway Co.*, 232 Mich 399. The testimony having been received and permitted to stand, it may be inferred that the jury considered it for each of the purposes indicated. The charge of the trial court is not set forth in the record, but no claim is made that the purpose or purposes for which the testimony of the deputy might be considered was in any way

limited by the court's instructions. Under the situation presented in this case, the conclusion cannot be avoided that the refusal of the trial court to strike out the testimony of the deputy sheriff was prejudicial error. It cannot be said that such testimony did not materially affect the conclusions of the jury.

The judgments are reversed, and the cases remanded to the trial court with directions to grant new trials. Plaintiffs may have costs.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.