WALLACE *v.* SKRZYCKI.

1. TRIAL—AUTOMOBILES—GUEST—SPECIAL QUESTIONS—QUESTION FOR JURY.

It was not error to submit to jury issue as to whether or not plaintiff was a guest passenger within meaning of guest act

REFERENCES FOR POINTS IN HEADNOTES

[3] 5 Am Jur, Automobiles § 667.
[4] 5 Am Jur, Automobiles §§ 613, 614.
[5, 6] Generally as to refreshing memory of witness, see 58 Am Jur, Witnesses § 578 *et seq.*
[8] 3 Am Jur, Appeal and Error § 1185.
[8] Reversal upon appeal by, or grant of new trial to, one coparty defendant against whom judgment was rendered, as affecting judgment in favor of other coparty defendants. 166 ALR 563.

together with special question as to whether plaintiff had been transported by the defendant as his guest without payment for such transportation, in view of conflicting claims and discrepancies and contradictions in the testimony (CL 1948, § 256.29).

2. AUTOMOBILES—PASSENGERS FOR HIRE—GUEST.

Whether the relationship between plaintiff passenger and defendant motorist is that of a passenger for hire or a guest passenger within meaning of the guest act depends on the facts of each case (CL 1948, § 256.29).

3. SAME—GUEST PASSENGER—DIRECTED VERDICT—EVIDENCE.

Motion for directed verdict on ground that plaintiff was a guest passenger in defendant's automobile *held,* properly denied, where testimony was conflicting as to whether or not plaintiff had paid for his transportation to and from work in defendant's car (CL 1948, § 256.29).

4. SAME—GUEST PASSENGERS—INSTRUCTION—BURDEN OF PROOF.

It was reversible error to follow an instruction that plaintiff passenger had the burden of proof of establishing his claim against defendant motorist by a preponderance of the evidence by a further instruction that such defendant had the burden of showing that plaintiff was a guest passenger without payment (CL 1948, § 256.29).

5. SAME—ACCIDENT—INVESTIGATING POLICE OFFICER—REFRESHING RECOLLECTION.

Testimony of police officer as to physical facts and admissions made by defendant oncoming motorist whose car collided with defendant host motorist and injured plaintiff *held,* properly received in evidence notwithstanding motion to strike by defendant oncoming motorist on ground that such witness had, before taking the witness stand, refreshed his recollection by reviewing the official police report and his own notes, both prepared by him at the time of the accident, where the witness had a personal, independent recollection of the accident and motion to strike failed to identify testimony to be stricken (PA 1949, No 300, § 624).

6. SAME — EVIDENCE — REPORTS — ADMISSIONS — PHYSICAL FACTS — STATUTES — REFRESHING RECOLLECTION.

The statutory bar to use in any court action of reports required in the motor vehicle code to be made with reference to cars

involved in accidents applies to reports made by drivers of vehicles involved and garage keepers under certain circumstances and has no application to notes or to reports made by investigating police officers of physical facts they have observed and admissions made to them by drivers of motor vehicles at the scene of the accident for use either as evidence or refreshing a witness's recollection (PA 1949, No 300, § 624).

7. EVIDENCE—PAST RECOLLECTION.
   A record of a past recollection, authenticated by proof, is competent, if not barred by statute.

8. JUDGMENT—JOINT JUDGMENT—ERROR TO ONE DEFENDANT.
   A joint judgment against defendant host and oncoming motorists, which is set aside for error as to the host motorist, must also be set aside as to the oncoming motorist and new trial granted both defendants, although on record presented by such defendants whose appeals were based on different grounds, no error appears to have been made as to the oncoming motorist.

BUSHNELL, SHARPE, AND BOYLES, JJ., dissenting in part.

Appeal from Wayne; Webster (Arthur), J. Submitted June 10, 1953. (Docket No. 74, Calendar No. 45,806.) Decided November 27, 1953.

Case by Aubrey Wallace against Edward Skrzycki and William Ritchie to recover damages for personal injuries sustained in an automobile accident. Verdict and judgment for plaintiff. Each of the defendants filed claim of appeal. Reversed and new trial granted.

*Ward & Plunkett,* for plaintiff.

*Edward N. Barnard,* for defendant Ritchie.

*Vandeveer, Haggerty, Garzia & Haggerty,* for defendant Skrzycki.

BOYLES, J. Defendants appeal from a judgment for plaintiff after verdict by jury allowing damages from an automobile collision. Defendants appeal separately on a consolidated record and file separate briefs, raising different grounds for reversal.

Plaintiff was a passenger in an automobile owned and operated by defendant Ritchie, going north on Telegraph road in Wayne county. Defendant Skrzycki was operating his automobile south on the same road, the 2 vehicles collided, and plaintiff was injured. Claiming joint and several negligence of the defendants, plaintiff sued both, alleging he was a passenger for hire in Ritchie's automobile. The defendants filed separate answers, each claiming that the other was the only one guilty of negligence. Ritchie also claimed that either he and the plaintiff were engaged in a joint enterprise, or that the plaintiff was his guest passenger. The question of which one of the defendants was guilty of negligence, or whether either one was guilty, is not raised on this appeal.*

1. Ritchie claims for reversal that the court erred in denying his motion for a directed verdict based on the claim that the plaintiff had failed to prove that he was a passenger for hire; and that the court erred in instructing the jury that the burden of proof was on him, defendant Ritchie, to show that the plaintiff was his guest passenger.

Plaintiff did not claim that Ritchie was guilty of wilful and wanton misconduct. In his amended declaration he claimed that he was a passenger for hire in Ritchie's automobile. Defendant Ritchie answered by denying that plaintiff was a passenger for hire, and specifically denied the facts alleged. Testimony on that issue was taken which supported each of the claims of both Ritchie and the plaintiff,

---

* This issue was litigated between Skrzycki and Ritchie and reached this Court for review in *Skrzycki v. Ritchie,* 333 Mich 480.

and the trial court held that the issue involved a question of fact to be determined by the jury. In that connection, at the request of defendant Ritchie a special question was submitted to the jury, whether the plaintiff was a guest passenger, and answered by the jury in the negative.

Plaintiff and defendant Ritchie were both employed at the same plant. Plaintiff, without an automobile, rode to and from work in Ritchie's car. There was testimony that this was done at the request of their employer, that he had made an "arrangement" with Ritchie and offered to furnish him gasoline. At one time plaintiff offered Ritchie $5 for gasoline, but Ritchie refused to accept it. Ritchie denied there was any "arrangement," or that plaintiff had ever furnished him any gasoline or paid for any. Plaintiff made no other claim of payment for the transportation except furnishing gasoline, which Ritchie denied. However, Ritchie in his answer had admitted that plaintiff and other passengers who rode with him to and from work made contributions to defray expenses of all, to and from work, and that "periodically" there was "an accounting with plaintiff and other passengers," on which they "made contributions" to defray the expenses to and from work.

At the close of the proofs, counsel for Ritchie moved for a directed verdict on the ground that the proofs showed plaintiff to be a guest passenger without payment for transportation, which motion the court denied. Ritchie's counsel also requested the court to submit to the jury a special question whether the plaintiff was "a gratuitous guest passenger" in Ritchie's automobile. In submitting the question, the court charged the jury as follows:

"A question is raised by the claim of the defendant Ritchie that plaintiff was a gratuitous guest

passenger in his automobile at the time of the accident. The statutes relating to motor vehicles, that is CL 1948, § 256.29 (Stat Ann § 9.1446), provides, among other things:

" 'That no person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against the owner   *   *   * unless such accident shall have been caused by the gross negligence or wilful and wanton misconduct of the owner or operator.'

"There is no claim on the part of the plaintiff that defendant Ritchie was guilty of gross negligence or wilful and wanton misconduct and accordingly, if plaintiff was a guest passenger without payment for such transportation he cannot recover as against Ritchie. It becomes important then to determine whether or not plaintiff was a guest passenger of defendant Ritchie without payment for such transportation. This presents a question of fact for your determination as jurors.   *   *   *

"In determining this question you should consider all of the facts surrounding the transaction, the period over which payments were made as well as all other testimony relating to this issue. The statute reads, 'without payment for such transportation.' In this connection it is not necessary that payment for the transportation should be made in money as when you take a bus and pay a quarter or anything of that kind; the payment may be either in money or some commodity as for example, gasoline or in services, and the question for you to determine is: Was the plaintiff being transported as a guest without payment?

"The defendant Ritchie has asked that a special question be submitted to be determined by you, as jurors, along with your general verdict. The question I am submitting reads as follows:

"At the time of this accident was plaintiff Wallace being transported by defendant Ritchie as his guest without payment for such transportation?

"And you answer that question, yes or no, as you find the facts to be.

"If you find by a preponderance of the evidence that the plaintiff was a guest passenger without payment for such transportation then your answer will be in the affirmative, yes, otherwise it must be answered no. This means that the burden of proof as explained in these instructions is upon the defendant Ritchie to show that plaintiff was his guest without payment."

The jury answered the question in the negative. Plaintiff had testified that he would hand Ritchie money at the gasoline station and Ritchie would use it to buy gasoline. Ritchie's testimony, however, was quite to the contrary, to support his claim that plaintiff was a guest passenger without payment, wherefore the plaintiff would have to show wilful and wanton misconduct in order to recover damages. Under the conflicting claims and the discrepancies and contradictions in their testimony, the court did not err in submitting the issue to the jury, together with the special question at defendant Ritchie's request, to determine whether the plaintiff had paid for his transportation, or was a guest passenger without payment. Whether the relationship between parties is that of a guest passenger or a passenger for hire depends on the facts in each case. The court did not err in denying Ritchie's motion for a directed verdict on the ground that plaintiff was a guest passenger.

After the court had concluded charging the jury at length as to burden of proof, and being on the plaintiff to establish his claims by a preponderance of the evidence, it was prejudicial error for the court to charge the jury that the burden of proof was on the defendant Ritchie to show that the plaintiff was his (Ritchie's) guest passenger without payment. This was the important issue raised by Ritchie, and

the error, which followed so closely the submission of the special question by the court, might well have influenced the jury in its answering the question in the negative. See *Baker* v. *Costello,* 300 Mich 686; *Bredeweg* v. *Boyce,* 322 Mich 298.

2. Defendant Skrzycki seeks reversal on the ground that the trial court erred in allowing a police officer to testify, over his objection, from the contents of an official police report, his official notes and memorandum; and in denying the motion to strike the testimony of said officer based on his use of the official police report and notes to refresh his recollection of facts and claimed statements relating to the accident. Defendant Skrzycki also claims that the court erred in allowing the police officer to testify as a claimed expert witness, reconstruct the accident, and express opinions and conclusions relating thereto.

During the course of the trial, an officer of the State police, who arrived on the scene shortly after the accident, was called as a witness for the plaintiff. He testified that prior to his taking the stand he had refreshed his recollection of what had happened as to the locus of the cars and the statements of the parties, from the official report and from notes taken from which the report was made, and from his own notes taken at the scene. This was objected to by counsel for defendant Skrzycki and was allowed over objection. The officer also was qualified as an expert witness and questioned as such, over defendant's objection, the court ruling that under the circumstances whether or not the officer was an expert was a question for the jury.

In the recent case of *Jakubiec* v. *Hasty,* 337 Mich 205, it was held that an officer who did not see the accident and did not write the report could not refresh his recollection from the report. In the instant case the officer who made the report refreshed

his recollection from the report he made. The report itself is not admissible in evidence. CL 1948, § 257.624 (Stat Ann 1952 Rev § 9.2324). Without regard to who made the report, as to refreshing recollection from it, the report is not admissible, nor available to refresh recollection. The court erred in allowing the officer to testify as to things in the report and the notes from which it was made, by refreshing his recollection from such use. In addition to the *Jakubiec Case,* see, also, *Trafamczak* v. *Anys,* 320 Mich 653; *Germiquet* v. *Hubbard,* 327 Mich 225.

For said errors relied upon for reversal, the judgment should be set aside and new trial granted as to both defendants. Costs to appellants.

BUSHNELL and SHARPE, JJ., concurred with BOYLES, J.

DETHMERS, C. J. (*concurring*). I concur in reversal but am not in accord with reasoning advanced by Mr. Justice BOYLES for reversal as to defendant Skrzycki. In my view it was not reversible error to deny his motion to strike testimony concerning physical facts and admissions made by him at the scene of the accident, on the sole ground that the witness who gave it, police officer Lutz, had, before taking the witness stand, refreshed his recollection thereof by reviewing the official police report and his own notes, both prepared by him at the time of the accident.

The following facts are to be noted: (1) Officer Lutz testified at the outset that he had a personal, independent recollection of this accident; (2) he testified that he had prepared the notes and police report at the time of the accident; (3) the notes and report were not received in evidence and Lutz did not read therefrom or use them on the witness stand

but merely refreshed his recollection by reviewing them before coming to the witness stand; (4) defense counsel made no objection to his testimony in this connection when it came in, and, on the contrary, facilitated it by questions and suggestions of his own at the time; (5) on cross-examination defense counsel asked officer Lutz whether he could forget the contents of his report and notes and still have some independent recollection of the subject and, after receiving an affirmative reply, directed him to testify on the basis of his present recollection, irrespective of the report and notes, and thereafter elicited from him testimony pretty well confirming his claim of independent recollection on crucial points; (6) after Lutz's testimony concerning the physical facts and defendant's admissions at the scene of the accident had all come in without defense objection, the motion was made to strike any testimony based on a recollection refreshed by the notes and report without further identifying the testimony thus to be stricken and without suggesting how the court or jury might single out and determine what portion of the mass of testimony theretofore adduced without objection had been based on independent recollection and what portion on refreshed recollection. Under such circumstances, defendant Skrzycki was scarcely in a position to complain of the ruling of the trial court even if it were to be conceded that all of the officer's testimony based on a refreshed recollection was barred by statute.

Had timely and proper objection been made, however, to such portions of Lutz's testimony as were based on refreshed recollection, it is my view that such objections should, nevertheless, have been overruled. PA 1949, No 300, § 624 (CL 1948, § 257.624 [Stat Ann 1952 Rev § 9.2324]), makes unavailable for use in any court action "the reports required by this chapter," being chapter 6, Michigan vehicle

code, PA 1949, No 300. The reports required in that chapter are those to be made by drivers of vehicles involved in accidents and by garage keepers under certain circumstances. The chapter contains no requirement that reports of accidents be made by police officers as such. The only duty imposed upon police officers in this connection is the requirement, contained in PA 1949, No 300, §§ 621, 622 (CL 1948, §§ 257.621, 257.622 [Stat Ann 1952 Rev §§ 9.2321, 9.2322]), that officers receiving the aforementioned reports shall "forward the same to the commissioner of State police on forms to be prescribed by him." Accordingly, the bar to use in any court action provided in PA 1949, No 300, § 624 (CL 1948, § 257.624 [Stat Ann 1952 Rev § 9.2324]), has no application to the notes or reports made, as in the instant case, by the investigating police officer.

If the mentioned statutory bar did apply to the police report and notes here used by the officer witness to refresh his recollection, such use would not be violative of the statute nor render the officer's testimony incompetent. This general subject has been considered heretofore by this Court in *Delfosse* v. *Bresnahan,* 305 Mich 621; *Baumgarten* v. *Tasco,* 312 Mich 161; *Heiman* v. *Kolle,* 317 Mich 548; *Trafamczak* v. *Anys,* 320 Mich 653; *Germiquet* v. *Hubbard,* 327 Mich 225; and *Jakubiec* v. *Hasty,* 337 Mich 205. In *Delfosse* the defendant made the statutory report to the chief of police, which was excluded by the trial court as privileged under the statute. This Court held, however, that it was proper to permit the chief of police to testify concerning physical facts at the scene of the accident, as observed by him. No question of use of the statutory report for refreshing the officer's recollection was involved, but, from the decision, it may be concluded that the making of the statutory report by the driver of a vehicle to a police officer does not seal the lips of the latter to

prevent his testifying concerning facts observed by him at the scene of the accident. In *Baumgarten* it was not a report required by the statute, but, as here, the police report which was involved. There, police officer Reiman, who admitted on the witness stand that he had no present, independent knowledge or recollection on the subject, testified that he had prepared the report and "that whatever he wrote down on the report was true or he would not have put it there." This Court held admissible "the testimony of witness Reiman when he testified from the use of the exhibit (police report) as to what defendant Heller told him about the collision." In *Heiman* the defendant had made the report required by the statute to officer Morin containing an admission damaging to the defendant. There was no attempt to introduce the report in evidence nor does it appear whether the officer used it to refresh his recollection as a witness. The case is significant here, however, in the respect that this Court there held (1) that it was competent for the police officer to testify, as witness for the plaintiff, concerning admissions of the defendant contained in the latter's statutory report to the officer; (2) that admission of such testimony does not contravene the purpose of the bar of the statute; and (3) that it was not the purpose of the latter to keep admissions made by defendant to police officers from the ears of the court or jury. *Trafamczak* involved the statutory report made by the defendant in that case to a deputy sheriff. There, the deputy, as witness for plaintiff, was permitted to examine said report for the purpose of refreshing his recollection. In answer to questions propounded to him on the witness stand he read from the report a statement indicating a damaging admission made to him by defendant. It was clear that the witness had no recollection to be refreshed. In that case, this Court recognized that the use to which the re-

port was being put was not that of refreshing the witness's recollection, but of incorporating it, in effect, into the evidence, contrary to statute; and, accordingly, it was pointed out that *Delfosse* and *Heiman* were distinguishable because there the witnesses whose testimony had been challenged had properly been permitted to testify, as here, to matters within their own knowledge or recollection. It was held that the granting of a motion to strike the testimony served to cure the error. In *Germiquet* the statutory report made by plaintiffs' driver to a deputy sheriff was involved. Testifying for defendant the deputy admitted that he had no independent recollection with reference to the statement made to him by plaintiffs' driver, that the report did not refresh his memory, and that his actual knowledge was limited to the fact that he had taken the report. When asked on the witness stand what plaintiffs' driver had told him about how the accident happened, the deputy referred to the statutory report and testified therefrom concerning a damaging admission made by plaintiffs' driver. This, like in *Trafamczak,* clearly circumvented the bar of the statute. In so holding we made point of the fact that no question of use of the report for the purpose of refreshing the witness's recollection was involved inasmuch as the deputy had no recollection to be refreshed. We there stated that *Baumgarten* is authority for the proposition that it is "settled law that under proper circumstances a record of a past recollection, authenticated by proof, is competent," if not barred by statute. We also pointed out that it may fairly be inferred that in the *Baumgarten Case* this Court did not consider the police report there involved to be a report required by the statute and thus subject to its bar. Under the announced "settled law" in *Germiquet* and *Baumgarten* the police report and notes here involved, not being barred to

court use by the statute, would, in the absence of an independent recollection by the witness, have been competent to be received in evidence, if authenticated by proof, as in *Baumgarten,* to be true records of a past recollection. In *Jakubiec* this Court held that it was not error for the trial court to prohibit a police officer witness from refreshing his recollection from an accident report prepared by another police officer. Inasmuch as the report was not authenticated by proof as being a true record of a past recollection, and particularly not of the witness in question, I have no quarrel with the statement of this Court in *Jakubiec* that "The report itself is not available as evidence." Citation therein of the statute as authority therefor seems to me, however, to have been in error for the reason that the bar of the statute has no application to reports made by police officers. By the same token the citation therein of *Trafamczak* was ill advised inasmuch as the report involved in the latter was the statutory report made by the defendant to a deputy sheriff and not, as in *Jakubiec,* a report made by a police officer. Had the police report in *Jakubiec* been authenticated, by proper proof, as a true record of a past recollection of the witness on the stand, as in *Baumgarten,* then, under our holding in *Baumgarten* and in *Germiquet,* it would have been necessary to hold it competent.

An examination of our previous holdings discloses, then, that except for language in *Jakubiec,* which I deem inadvertent and decline to follow although in accord with its decision, we have adhered to the position that the statute in question does not bar a police officer from testifying concerning physical facts observed by him or admissions made to him by drivers of vehicles at the scene of an accident and that police reports of accidents are not barred by the statute for use as evidence or refreshing a witness's recollection.

Inasmuch as the judgment, joint against both defendants, is set aside, for error, as against Ritchie, it seems to me, for reasons set forth and approved in *Grimshaw* v. *Aske,* 332 Mich 146, it should be set aside also as to Skrzycki. Accordingly, I concur in reversal and granting a new trial to both defendants, with costs.

Adams, Butzel, Carr, and Reid, JJ., concurred with Dethmers, C. J.