Joseph Earl WILLMORE, Plaintiff,

v.

HERTZ CORPORATION, a Delaware corporation, and Rembrandt, Inc., a Missouri corporation, Defendants.

Civ. A. No. 5641.

United States District Court,
W. D. Michigan, S. D.

Nov. 3, 1969.

Newman & Mackay, Lansing, Mich., for plaintiff; Fred C. Newman, Lansing, Mich., of counsel.

Smith, Haughey & Rice, Grand Rapids, Mich., for defendants; David O. Haughey, Grand Rapids, Mich., of counsel.

## OPINION ON MOTION FOR NEW TRIAL

FOX, District Judge.

Following a $75,000 jury verdict for plaintiff in this personal injury action, defendants move for a new trial. In support of this motion they urge the following:

(1) Defendants claim the verdict is excessive and not justified by the evidence.

■ The award of damages in personal injury cases is in the sound discretion of the jury. The court will not substitute its own judgment for that of the proper trier of fact unless the verdict is either shocking to its conscience or is the result of prejudice, passion, or other improper influences. McKay v. Hargis, 351 Mich. 409, 88 N.W.2d 456 (1958); Stevens v. Edward C. Levy Co., 376 Mich. 1, 135 N.W.2d 414 (1965).

■ The verdict in the present case clearly falls within the scope of testimony at trial. Plaintiff has suffered permanent injury and disability as a result of the collision with defendants' car. He has experienced in the past, and will continue to experience, considerable pain and suffering. In view of these facts alone, the jury's verdict is well within what they could, in reason, have allowed in the present case. This being clear, there is accordingly no basis for asserting that the award was the product of prejudice or passion.

Therefore, the court finds that plaintiff's verdict was not excessive.

■ (2) Defendants claim it was error to allow lay witness L. P. Jones to give his opinion as to the point on the highway where plaintiff's and defendants' vehicles collided.

The court excluded the opinion of plaintiff's lay witness Jones, offered on direct examination, to the effect that the point of collision was on the west side of the highway. Upon cross-examination, however, the defendants sought Jones' opinion as to how far north of a point on the highway the collision occurred. At this time plaintiff moved to reinstate the previously stricken testimony, arguing that defendants could not choose which opinions of the witness were admissible and which were not. The court granted plaintiff's request, and upon reinstating Jones' testimony cautioned the jury that he was not an expert and that his opinion should be weighed accordingly.

The admission of Jones' opinion, in the context of defendants' actions and coupled with appropriate precautionary instructions, cannot be viewed as error. In addition, even if erroneous, such admission would not prejudice defendants. Two accident reconstruction experts, one of them defendants', also testified that the collision occurred in the west lane of traffic. In these circumstances, any wrongful admission of a lay opinion to the same effect would be harmless error.

■ (3) Defendants claim it was error not to permit cross-examination of plaintiff as to his driving history and driving record.

Defendants sought to place before the jury plaintiff's driving record as maintained by the Michigan Department of State. Defendants contend that such records are properly used "in the cross-examination of a witness who is a party claiming that he was driving safely."

It must be remembered that plaintiff suffered from amnesia and was not able to testify as to any of the events surrounding the accident. Cases cited by defendants, however, relate only to impeachment of a party who has testified that he was driving properly. Since impeachment is not involved here, defendants' cases are not in point.

Clearly, defendants attempted to introduce plaintiff's record as positive evidence of negligence. As such, its admission depends on relevancy, and this question is largely in the discretion of the trial court to determine.

The court believes that the driving record offered by defendant lacks any logical relevance to plaintiff's behavior in the collision involved in this case. The accidents contained therein would be of no probative value on this issue. They would not tend, even slightly, to establish that immediately before the accident plaintiff was driving on the wrong side of the road.

Even if logically relevant, however, plaintiff's driving record would not be admissible because of substantial danger of prejudice. It is difficult to see how any claimed relevance of plaintiff's particular past behavior, as revealed by defendants' proposed exhibit, could justify the prejudice that would result from the presentation of an unfavorable driving record to the jury.

Accordingly, it was not error to exclude the offered cross-examination.

■ (4) Defendants claim that it was error to allow plaintiff's counsel to read into the record part of a hospital record pertaining to plaintiff's condition.

Since the report involved was in evidence, it was not error to allow counsel to read part of it to the jury.

■ (5) Defendants assert it was error to exclude testimony of Officer Tompkins regarding notations on the police report of the accident involved in this case.

In support of their assertion, defendants direct the court to the past recollection recorded exception to the hearsay rule. Plaintiff claims, in part, that the report in question was filed pursuant to

M.C.L.A. 257.622, and thus was inadmissible under 257.624:

> "The reports required by this chapter shall not be available for use in any court action, but it shall be for the purpose of furnishing statistical information as to the number and cause of accidents."

This legislative mandate will not permit application of the past recollection recorded exception to render admissible parts of those reports encompassed by its provisions. Germiquet v. Hubbard, 327 Mich. 225, 41 N.W.2d 531 (1950).

However, Michigan courts have given narrow application to § 624. It appears that, following the reasoning in Wallace v. Skrzycki, 338 Mich. 164, 165, 61 N.W.2d 106 (1953), since the report here was compiled solely by investigating officers and not by a "driver" under § 622, it does not fall within the scope of the privilege provided in § 624.

Although the report offered by defendants did not fall within the statutory privilege, it was not admissible as past recollection recorded. The foundation necessary to guard against the presence of hearsay and thus insure trustworthiness was not laid. As stated by the Michigan Supreme Court in Jaxon v. City of Detroit, 379 Mich. 405, 151 N.W.2d 813, 816 (1967), with reference to a police report offered in that case:

> That foundation should consist in the following: (a) a showing that the witness has no present recollection of the facts, (b) a showing that the witness' memory is not refreshed upon reference to the document, (c) a showing that the document is an original memorandum made by the witness from personal observation, (d) a showing that the document was prepared by the witness contemporaneously with the event and was an accurate recording of the occurrence and, (e) a showing that the substance of the proffered writing is otherwise admissible.

Both elements (a) and (b) were satisfied in the present case. Officer Tompkins admitted to no present, independent recollection of the facts of the accident and that the report did not refresh his recollection.

The record is clear, however, that Tompkins did not personally prepare the report placed in his hands by counsel for defendants. It is equally clear that defendants' counsel provided only a copy, not the original, for the officer to use in his testimony. More importantly, although Tompkins testified that he took part in taking various measurements he could not state that he personally took the measurements contained in the report, or that he had knowledge at the time, apart from belief, that they were correct. Under these circumstances, elements (c) and (d) above have not been satisfied. The court thus believes that the required threshold of trustworthiness has not been reached.

Accordingly, the court rules that defendants failed to lay adequate foundation for admission of parts of the police report. Therefore, Officer Tompkins could not read these particular parts to the jury.

In addition, the court believes that any error in the admission of data contained in the copy of the police report would not have prejudiced defendants.

All testimony placed the accident site well to the north of the beginning of the new twenty-four foot blacktop. L. P. Jones, a resident of the area for many years, placed the cars seventy-five feet north of the new pavement, almost adjacent to a farmhouse driveway. This driveway is clearly shown in the photographs introduced at trial. It merges into the concrete pavement.

Jones' auto, after narrowly missing both vehicles as they blocked the highway seconds after the accident, ran over a "bump" sign on the west side of the road and south of the collision site. John Vogl, also an area resident and a county employee, replaced the sign the following day. He was, by virtue of fourteen years of maintenance work on

the road involved, throughly familiar with the accident site. His testimony, with reference to the replaced sign and observed debris, placed the accident as indicated by L. P. Jones. The sign Vogl erected to replace the one demolished by Jones is clearly visible in many of defendants' photographic exhibits. It stands well to the north of the blacktop roadway.

Jones, Vogl, and other area residents thus placed the accident site on the concrete roadway. There was no testimony to the contrary, nor was there indication at pretrial or later that there would be. This fact was not contested by defendants until their eleventh hour attempt to introduce parts of the police report. In fact, their previous evidence both assumed and supported a collision on the concrete portion of the highway. Defendants' own reconstruction expert used the specifications of the concrete road in formulating his opinion as to the vehicles' location at impact.

Thus, considering all of the testimony, the trier of fact could only conclude that the police report was in error. Circumstances support this conclusion. The officers were not particularly familiar with the stretch of road involved, and were involved in an emergency situation. Tompkins testified that they arrived from the direction of Ionia, south of the collision site. They would thus have travelled on new blacktop until immediately before reaching the accident. At that point their concentration would have been on more urgent matters than a change in pavement. They likely assumed that the accident occurred on pavement similar to that which carried them from Ionia, and so indicated in the report made out the following day.

In view of the above, exclusion of the data offered by defendants would be harmless error.

Finally, since defendants failed to indicate, at pretrial or subsequently, that they intended to offer contents of a police report, and since there was no showing of good cause for this failure, the court may properly exclude such evidence when introduced at trial. This court's pretrial order requires all exhibits and documents to be produced at pretrial. As was stated in Leach v. C. & O. Ry. Co., 35 F.R.D. 9 (W.D.Mich.1964), "[f]ailure to follow the above procedure may result in a prohibition of the use of such document or exhibit at the trial." The court also adopts the language of the Tenth Circuit in Globe Cereal Mills v. Scrivener, 240 F.2d 330 (10th Cir. 1956):

Rule 16, Fed.Rules Civ.Proc., 28 U. S.C.A. provides a pre-trial procedure designed to expedite and simplify the trial of cases. It contemplates an order which will recite the action taken at the pre-trial conference. Without objection, the order in this case listed the witnesses and the exhibits which each party expected to use at the trial. The order made provision for additional witnesses and exhibits by either party, upon notice. The defendant sought to introduce certain exhibits and use the testimony of a witness, neither of which was named in the pre-trial order. The rule provides that "such order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice." [3]    No

3.  In Berger v. Brannan, 10 Cir., 172 F.2d 241, 243, certiorari denied 337 U.S. 941, 69 S.Ct. 1519, 93 L.Ed. 1746, this Court said: "The spirit of a pre-trial procedure is not only to call the parties together and ask them to stipulate as to all matters concerning which there can be no dispute, but to compel them to stipulate and agree as to all facts concerning which there can be no real issue. The court has a right to compel the parties to do this. This is the philosophy of the McDonald case. Unless the court has such power, a pre-trial conference is indeed innocuous and of little help. Without Rule 16, the court always has had the power to ask the parties to meet and request them to try and get together on all such matters. The purpose of the pre-trial procedure

amendment to the order was sought, and no showing other than a statement made by counsel that he thought the witness had been named by the plaintiff, was made why the order was not complied with by giving notice of a desire to use additional exhibits and witness. The matter was within the discretion of the trial court and the record discloses no abuse of that discretion or manifest injustice.

Judgment affirmed.

(6) Since the evidence clearly established a question of fact for the jury, denial of defendants' motion for directed verdict was proper.

■ (7) Defendants assert error in instructing the jury that they could consider fluctuations in the value of money in evaluating damages.

The Michigan Supreme Court has stated that inflation and resulting diminution of the dollar may be considered by the jury. Knights of Equity Memorial Scholarships Comm. v. U. of Detroit, 359 Mich. 235, 239, 102 N.W.2d 463, 465 (1960); Normand v. Thomas Theatre Corp., 349 Mich. 50, 61, 84 N.W.2d 451, 456 (1957); Miller v. Miller, 320 Mich. 43, 46, 30 N.W.2d 509, 510 (1948); Pierce v. New York Central RR. Co., 304 F.Supp. 44 (W.D.Mich. 1969). To instruct the jury using the language of the above opinions is not error.

The court, having thus considered each of the defendants' assertions of error and having found them to be without merit, hereby denies their motion for a new trial.

Dated: November 3, 1969.

is to compel them to do this." (Footnote omitted.) See also Fernandez v. United Fruit Co., 2 Cir., 200 F.2d 414, certiorari denied 345 U.S. 935, 73 S.Ct. 797, 97 L.Ed. 1363; Matheny v. Porter, 10 Cir., 158 F.2d 478; McDonald v. Bowles, 9 Cir., 152 F.2d 741.