J. W. McBRIDE, Administrator, Plaintiff, Appellant, (J. F. HARDIN, JR., substituted) v. FRANK STEWART, Defendant, Appellee.

No. 44555.

MARCH 12, 1940.

C. A. Smedal, for appellant.

Peisen & Soper, for appellee.

RICHARDS, J.—At about 1:00 p. m. on December 29, 1937, defendant was driving a Ford "pick-up" automobile northwards on Tenth street in the city of Eldora. As he was approaching the intersection of that street with Fourteenth avenue, that extends east and west, plaintiff's decedent whose age was 7 years 4 months and some days, lying flat on a hand sled, was coasting down Fourteenth avenue from the west toward the same intersection. Decedent's course was along the south side of Fourteenth avenue where there was a strip of snow 6 or 8 feet in width next to the curb. North of the strip of snow the paving of the avenue had become bare, the snow that had been thereon having melted away. There was also a bank of snow on the parking that was between the south curb of the avenue and the sidewalk. It extended westerly up the hill from about the west line of Tenth street and was 3 feet or less in height. In the vicinity of the south line of the intersection the decedent, traveling on his sled east or a little southeast at a speed of 20 or more miles per hour, struck the left rear wheel of defendant's automobile as it traveled north, resulting in such injuries to the child that his death ensued almost immediately. This action is for recovery of damages to decedent's estate, plaintiff-administrator claiming that defendant's negligence was the cause of the loss of decedent's life. At the close of the evidence defendant's motion for a directed verdict was sustained. On the verdict thereupon returned a judgment was entered against plaintiff. Therefrom he has appealed.

Plaintiff assigns as error the ruling on the motion for directed verdict. One of its grounds was that the evidence in the record would not warrant a finding by the jury that defendant was negligent in any of the respects specified by plaintiff, or a finding that any negligence on the part of defendant contributed to decedent's injuries. Plaintiff urges that the motion should not have been sustained on this ground because the evidence showed negligence in that at the time of

the accident defendant was driving at an excessive speed, lacked control of his car, failed to maintain a proper lookout, and failed to give warning of his approaching the intersection.

Turning to the record it discloses that defendant was driving 20 miles per hour in a residential district up to the moment he saw decedent coming into the intersection. He then soon stopped, but the accident had occurred. Defendant had all the control of his car that was incidental to that speed. He was observing the street ahead and Fourteenth avenue and noted there were neither vehicles nor pedestrians thereon. As he drove toward the intersection any pedestrians or vehicles on Tenth street or Fourteenth avenue would have been readily visible and there was no obstruction of view requiring giving a signal of approaching the intersection. The testimony established the fact that as defendant approached the intersection he was prevented by the snow bank from seeing decedent as he came down the hill. The witness most favorable to plaintiff stated that at a point about 25 feet south of the south line of the hill one could look up the hill and see what was there. The evidence further shows that defendant first saw decedent just as the latter was entering the intersection from the west, decedent being then 3 or 4 feet out from the south curb and 2 or 3 feet east of the east line of the sidewalk on Tenth street. Defendant was then approximately even with the south edge of the sidewalk that is located along the south side of Fourteenth avenue.

These facts were quite insufficient to establish that defendant was negligent in any of the respects plaintiff specified. But plaintiff says there were surrounding circumstances known to defendant and that these determined what was reasonable care on his part. The circumstances were these. For many years it had been the practice of those in authority to permit children to coast on this hill, and each time, while permission continued, barricades were maintained on Tenth street at the intersection in question. There had been coasting recently permitted but the snow having in large measure melted, the barricades had been taken down on the day before the accident and the middle portion of the paving up and down the hill was bare of snow. Plaintiff urges that these facts, known to defendant, imposed the duty on him to anticipate that some child

might be coasting as decedent was doing, and to be prepared for that ·possibility by driving at less speed and having better control, keeping better lookout and sounding a warning of approach. In Webster v. Luckow, 219 Iowa 1048, 258 N. W. 685, this court adopted the Pennsylvania rule that a driver of an automobile may not assume that a child under the age of 14 years in plain view of the driver will not move from a position of safety outside the pathway of the vehicle and into a place of danger in such pathway. But in connection with so doing the court declared itself as not holding that such driver is under any obligation to anticipate that some child not in plain view upon a street or public road will suddenly and unexpectedly dart out from a place of concealment into the pathway of a driver's vehicle. To an ordinarily prudent person the disappearance of snow from the hill until it was largely bare and the taking down of the barricades would appear to afford assurances that the road was open to his ordinary use. And we think it would be an assurance sufficiently dependable that he would not anticipate that a child would dart out upon a sled as happened in this case, despite all that appeared to indicate to the contrary. If so, defendant's conduct was not below the usual standard of ordinary and reasonable care. The ground that has been discussed warranted the ruling on the motion for directed verdict.

During the trial plaintiff offered the testimony of one McCall, who was neither a peace officer nor other public official. He testified he overheard statements made to the sheriff of the county by defendant while the latter was reporting the accident to that official immediately after its occurrence. The witness being then asked what defendant said to the sheriff about the accident, objections to the question founded on sections 297 and 302, chapter 134, Acts of the Forty-seventh General Assembly, were made by defendant, and sustained by the court. This ruling plaintiff assigns as error.

Section 297 requires the driver of a vehicle involved in an accident resulting in injury to or death of any person to report the accident together with information respecting the injuries to one of certain peace officers including the sheriff of the county in which the injury took place. By the Act the failure to so report is made an offense. Section 302 is in these words:

"Sec. 302. Reports confidential. All required accident reports and supplemental reports shall be without prejudice to the individual so reporting and shall be for the confidential use of the department except that the department shall disclose the identity of a person involved in an accident when such identity is not otherwise known or when such person denies his presence at such accident. No such report shall be used as evidence in any trial, civil or criminal, arising out of an accident, except that the department shall furnish upon demand of any person who has, or claims to have, made such a report or, upon demand of any court, a certificate showing that a specified accident report has or has not been made to the department solely to prove a compliance or failure to comply with the requirement that such a report be made to the department."

Under this statute the report was to be without prejudice to defendant. It was not to be used as evidence in any trial, civil or criminal, growing out of the accident. But it would have been so used had not the objection been sustained. The question called for what was said in making the report. Obviously, what was said was the report. The court rightly sustained the objection. Finding no error the judgment is affirmed. —Affirmed.

HAMILTON, C. J., and HALE, BLISS, MILLER, MITCHELL, OLIVER, and SAGER, JJ., concur.