HEIMAN *v.* KOLLE.

1. AUTOMOBILES—PEDESTRIANS—CHANGE OF TRAFFIC LIGHT.

In pedestrian's action against motorist, defendant's motion for directed verdict at close, of plaintiff's case because of failure to show defendant was negligent or that plaintiff was free from contributory negligence was properly denied where it appears northbound plaintiff had progressed across three of four east bound traffic lanes before traffic light changed from green to red and was struck by defendant's car in fourth lane at 7 p.m. early in January and that plaintiff was within range of defendant's headlights when struck.

2. SAME—CHANGE OF TRAFFIC LIGHT.

The change of a traffic light while a pedestrian is crossing a street does not authorize a motorist to continue his course regardless of circumstances open to view.

3. WITNESSES—ADMISSIONS TO OFFICER TAKING REPORT OF ACCIDENT.

Testimony of police. officer assigned to accident prevention bureau to whom defendant motorist had admitted that he had not stopped but had merely shifted to second gear as he approached crossing being traversed by plaintiff pedestrian was properly received in evidence as it was not the purpose of statute requiring report of accident by motorist to keep admissions made by him out of a trial of a civil action although the report itself was not to be available therefor (1 Comp. Laws 1929, § 4722, subd. [e], as amended by Act No. 318, Pub. Acts 1939).

4. TRIAL—COMMENT ON EVIDENCE.

In pedestrian's action against motorist, trial court's comment that court had a right to comment on evidence, that it was not binding on jury, and that accident did not happen in way contended by defendant *held*, not to have been prejudicial to defendant's rights nor a violation of court rule (Court Rule No. 37, § 9 [1945]).

---

Question of fact for the jury as to defendant's negligence and plaintiff's contributory negligence, see 2 Restatement, Torts, §§ 434, 476.

5. AUTOMOBILES—PEDESTRIANS—CONFUSING INSTRUCTIONS—PROXI-
MATE CAUSE—BURDEN OF PROOF.

　　In pedestrian's action against motorist, trial court's instruction
　　had the effect of casting the burden of proof upon defendant
　　to show that accident had happened as he claimed, was re-
　　versible error although court also instructed jury that plain-
　　tiff had burden of proving defendant negligent; that plaintiff
　　was free from contributory negligence and that injuries sus-
　　tained were the immediate proximate result of defendant's
　　negligence without other intervening causes, since result of
　　such instructions would be confusing to jury.

Appeal from Wayne; Miller (Guy A.), J. Sub-
mitted January 14, 1947. (Docket No. 29, Calendar
No. 43,483.) Decided April 17, 1947.

Case by Ernest J. Heiman against Otto F. Kolle
for personal injuries sustained when he was struck
by defendant's automobile. Verdict and judgment
for plaintiff. Defendant appeals. Reversed and
new trial granted.

*Mahlon J. MacGregor,* for plaintiff.

*Edward N. Barnard,* for defendant.

SHARPE, J. This is an action for damages brought
by plaintiff for an injury received as a result of
colliding with an automobile.

Plaintiff claims that on January 4, 1944, at about
the hour of 7 p.m., he stood on the southwest corner
of Second street and West Grand Boulevard in the
city of Detroit; that he intended to cross the boule-
vard to the north; that on the south side of West
Grand Boulevard there are four traffic lanes for
traffic going east, each lane is about 10 feet in
width; that on this occasion there was traffic in the
first three lanes from the south; that he left the curb
when he saw that the traffic light was green; that as

he was entering the fourth lane of traffic, the traffic light turned red; that when he was in or near the third lane of traffic he saw lights on an automobile in the fourth lane of traffic; that the cars were all stopped as he passed the first three lanes of traffic; that while crossing the fourth lane of traffic he was hit by defendant's car; that he was taken to Ford Hospital; and that his left leg and left side were severely injured.

It is the claim of defendant, Otto F. Kolle, that he was driving his car east on West Grand Boulevard at about the hour of 7:15; that he stopped his car at the intersection of Second street; that there was a space of 3½ feet between his car and the car in the third lane of traffic; that he waited 30 seconds for the light to turn green for east bound traffic; that when he started his car, the car to the right of him was in motion; that before he started his car he made an observation by looking to the right in the direction of the curb, but saw no pedestrians in the pedestrian lane; that as he started his car plaintiff ran around the front of the car to the right of defendant and threw himself on the front of defendant's car; and that he thereupon applied his brakes and the car behind him struck the back end of his car, pushed his car ahead 1½ feet throwing plaintiff onto the street.

The cause came on for trial and at the close of plaintiff's testimony, defendant made a motion for a directed verdict in favor of defendant for the reasons that plaintiff failed to prove that defendant was guilty of any negligence causing the injuries of which he complains; and because plaintiff was guilty of contributory negligence.

The trial court denied the motion for the following reasons:

"On the testimony as it stands, were the case to be closed now, I would direct the jury that as a matter of law, the defendant is guilty of negligence, and plaintiff is free from contributory negligence.

"Plaintiff entered the crosswalk with the green light, as he had a perfect right to do. After he entered that crosswalk and had gotten approximately three-quarters of the way across, the light changed so that he was no longer protected by a green light. However, at that point he had a right to continue reasonably to get to the opposite curb and a place of safety. He did not have right to dawdle. He did not have to run. And while he was seeking that place of safety in a reasonable way, it was the duty of cars which had been stopped on his left, waiting the change of lights so they could go in an easterly direction, not to interfere with him until he got out of the place of danger and to a place of safety.

"Therefore, it was the duty of this defendant, who was either approaching the intersection in the fourth lane, without being stopped, or had been stopped, and was waiting for the light to change, to see this man and to give him a chance to get to the curb.

"On the testimony as it stands at the present time, the defendant couldn't have helped seeing him if he had been looking for pedestrians in that crosswalk, because his headlights were on and the man when he was struck was in the full glare of the headlights."

We are in accord with the ruling of the trial court. In *Smarinsky* v. *Markowitz*, 265 Mich. 412, we said:

"Such invitation to cross and protection while doing so did not cease upon change of light while the pedestrian was in the act of crossing. The change of light did not authorize defendant to continue his course at high speed, regardless of circumstances open to his view."

Following the refusal of the trial court to grant defendant's motion, defendant submitted evidence in harmony with his claims hereinbefore stated. The cause was submitted to the jury who returned a verdict in favor of plaintiff.

Defendant filed a motion for a new trial which was denied by the trial court for reasons that will be hereinafter discussed. Defendant appeals and urges that the trial court was in error in permitting plaintiff's witness John Morin, a police officer, to testify as to a statement claimed to have been made to him by defendant contrary to subsection (e) of 1 Comp. Laws 1929, § 4722, as amended by Act No. 318, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 4722, Stat. Ann. 1946 Cum. Supp. § 9.1590), which reads as follows:

"The driver of every motor vehicle involved in an accident resulting in a vehicle or vehicles becoming so disabled as to be incapable of being propelled in the usual manner, or resulting in personal injury or death of any person shall forthwith report such accident to the nearest or most convenient police station or police officer. The officer receiving such report shall forthwith forward the same to the commissioner of State police on forms to be prescribed by him. Such report shall not be available for use in any court action, but it shall be for the purpose of furnishing statistical information as to the number and cause of accidents."

The above officer was attached to the accident prevention bureau of the police department of the city of Detroit. He testified in substance that defendant stated to him that he (defendant) did not stop at Second street, but only shifted to second gear and continued in motion when the lights turned green before he reached Second street.

There was no attempt to introduce his report in evidence. His testimony as to what defendant told him does not contravene the purpose of the above act. In *Delfosse* v. *Bresnahan,* 305 Mich. 621, defendant made a report of an accident to the chief of police. We there held that it was proper for the chief of police to testify as to measurements of distances he made on the street at the place where the accident occurred; and that there were red spots, evidently blood, near the place where the accident occurred. It was not the purpose of the act to keep admissions made by defendant from the ears of the court or jury.

See, also, *Baumgarten* v. *Tasco,* 312 Mich. 161.

Defendant contends that the trial court unfairly exceeded his privilege of commenting upon the evidence by placing himself in the position of a biased and prejudiced advocate in favor of the plaintiff. The comments complained of are as follows:

"Now, I am going to comment on the evidence a little bit on that point and I think I shall express an opinion in connection with this claim of the defendant. I call your attention to this point: A judge's charge is binding on the jury when he is telling the jury what the law is. In his charge he has a right to comment on the evidence and express an opinion on the evidence, but his opinion and his comment on the evidence is not binding on the jury, no more than the arguments of counsel are. The members of the jury are at perfect liberty to disregard whatever both of the lawyers on both sides of the case say to them and use their own judgment on the testimony if they see fit, and in the same way even though the trial judge does express an opinion to you or does comment on the evidence you have an equal right to disregard what the judge says if you wish to and substitute your own judgment on the matter for

anything that he says. But subject to that limitation a trial judge in jury cases does have the right and is within his power and strictly within his duty if he does comment on the evidence wherever he feels that the interests of justice requires it.

"Now, personally, I don't think that the accident happened the way the defendant says it did. The reasons why I do not think so are based in part upon some things that are not in the evidence at all. I will call your attention to the fact that under the testimony of the defendant of the rear-end collision, and under the defendant's theory, his car was at a stop or almost so with the brakes set and he was hit from the rear with sufficient violence to throw his car violently forward an unascertained distance but probably 3 or 4 feet and I call your attention to the fact that there is no testimony in the case of any mark on the rear end of his car of any impact such as that and suggest for your consideration the question: Whether or not if there had been a violent collision such as they have testified to there would not have been some mark of it upon the rear end of the car?

"Now, as the next point, let me call to your attention that in considering actions in court there are certain things that courts and juries have a right to take into consideration and take judicial notice of. Such, for example, as natural laws. For example, all of us apply unconsciously the rule that if you hold a thing up in the air and take the support from under it the attraction of gravitation will make it go to the ground. We take that for granted. We have a right to take for granted all other physical laws that are equally well established. Now, one of those physical laws is what we call the law of inertia. The law of inertia is to the effect that where an object is doing something its tendency is to keep on doing that same thing until some force is applied to it to make it stop doing what it is doing and do something else. For example, if you have an object that

is stationary on the ground, it, under the operation of that law, will stay stationary on the ground until forces applied to it to move it make it move away from that position. If a thing is moving it has a tendency—its natural tendency is to keep on moving and to keep on moving in a straight line and it will keep on moving in the direction in which it is going until something happens either that changes that direction or stops it. Now, that is the law of inertia.

"In this case the defendant claims that the plaintiff took a dive through the air and landed on the front of the hood of his, the defendant's, car and after he comes to rest on the front of the hood that the defendant's car was hit violently from the rear and the effect of that collision from the rear threw the plaintiff forward in front of the car. Now, I suggest for your consideration the fact that that is directly contrary to the operation of that well known physical law of inertia. Because the operation of that law would not have been to throw him forward, the effect of the operation of that law would have been to make him slide backwards towards the windshield of the car. By way of illustration, you all have stood in street cars and you have all had the experience of having a street car give a jerk in a forward motion. What happens? Well, before the car pulls your feet along with the car there is a tendency for your head to stay where it is so you fall backwards toward the back of the car. The time when you fall forwards toward the front of the car is when the car hits something in front and stops suddenly and you have a tendency to keep on going in the direction you were going.

"Now, I don't know whether I can illustrate what I am saying to you here or not but suppose, for example, that the white pad here (indicating) is the plaintiff. This yellow pad (indicating) is the hood of the car. That is the front of the hood and this is the rear (indicating) and this is supposed for the purpose of the argument to be going in an east-

erly direction. Now, let's see what happens if I jerk the yellow pad toward the easterly direction suddenly. You see what happens? For that reason I don't think that the story that the defendants have told threw the plaintiff in the road in front of this car is physically possible.

"Now what would be physically possible and what might have given them that idea and might conceivably have given them an honest misconception would be if the plaintiff in the case was struck at or about the knee by the front bumper of the car and his knee, his leg, taken out from under him. Then he would have had a tendency to fall over the radiator of the car and it would be possible for him—for the appearance to be created that he was jumping onto the car and the bump on the front of the car might very well have been made by his fist or his elbow going over the edge and down on the hood that way as his feet were swept out from under him when the front of the car struck him. Now, as I said before, you are entirely at liberty to disregard any of these comments I am making. They are only intended to be helpful and if they don't help you why disregard them."

It must be admitted that the trial court freely commented upon matters which, in his opinion, were of aid to a jury in arriving at a just verdict. Such comments were explanatory, but were not binding upon the jury. In our opinion such comments were not prejudicial to any of defendant's rights nor a violation of Court Rule No. 37, § 9 (1945).

It is also urged that the trial court was in error in giving the following instructions to the jury:

"If after you have considered all of the testimony in the case, you ask yourselves, for example, first: Did this accident take place in the way the defendant says it did? Now, on that point the burden of proof would be for the defendant to show that it did

take place that way, instead of some other way, because he put that in affirmatively. If, after you consider all of the testimony in the case you are able to say, 'Yes, we are satisfied that the testimony fairly preponderates in favor of that being the way it took place,' then you can say that the burden has been sustained and then you will be justified in returning a verdict of no cause of action in favor of the defendant.''

It is to be noted that the trial court also instructed the jury as follows:

''In this case the plaintiff has got to prove three things by a 'fair preponderance of the evidence. First, that the defendant was negligent. Second, that he was not negligent in such a way as to contribute to any injury, and, third, that he was injured as the immediate proximate result of the defendant's negligence and as a result of no other intervening cause.''

The claim is made that the charge complained of had the effect of imposing upon the defendant the burden of proof of establishing that he was not negligent or that plaintiff was guilty of contributory negligence.

In *Sewell* v. *Detroit United Railway,* 158 Mich. 407, plaintiff began an action for damages for injuries received while riding on a street car which collided with another street car which had stopped to let off passengers. In instructing the jury the trial court charged as follows:

''The presumption of negligence attaches in this case, and the burden of proving that there was no negligence in fact rests upon the defendant.''

And again:

''If it was purely accidental, such an accident as no ordinary care and prudence could have prevented,

then the defendant would not be liable. Accidents do occur for which there is no liability,  *  *  * and it is for you to determine whether this accident comes within that class or not. The burden of proving that the defendant's comes within that class is, as I say, upon the defendant; the presumption being that there was negligence."

In reversing a judgment and granting a new trial, we there said:

"We think this instruction went too far. A similar question has been presented in numerous States, and we find that the authorities sustain the contention of the defendant that, even where the presumption of negligence exists from a collision, the burden of proof does not shift, but the presumption is to be weighed with the testimony offered by the defendant, and if, as a whole, the evidence does not preponderate for the plaintiff, there can be no recovery. See *Klumk* v. *Railway Co.*, 74 Ohio St. 125 (77 N. E. 752); *Kay* v. *Railway Co.*, 163 N. Y. 447 (57 N. E. 751); *Gibbs* v. *Farmers & Merchants State Bank*, 123 Iowa, 736, 742 (99 N. W. 703); and *Scott* v. *Wood*, 81 Cal. 400 (22 Pac. 871)."

See, also, *Niedzinski* v. *Bay City Traction & Electric Co.*, 160 Mich. 517.

In *Weaver* v. *Motor Transit Management Co.*, 252 Mich. 64, plaintiff was a guest riding in an automobile followed by a passenger bus owned by defendant company. For reasons the driver of the car in which plaintiff was riding made a sudden stop and the autobus collided from the rear into the car that plaintiff was riding in. Plaintiff was injured, brought suit and recovered damages against defendant company. The trial court gave the following instruction to the jury:

"I instruct you under the law of this State when a motor vehicle traveling in a certain direction over-

takes and strikes the rear end of another motor vehicle traveling in the same direction, or lawfully standing upon any highway, the driver or operator of the first-mentioned vehicle is deemed to be *prima facie* guilty of negligence, and in this case I instruct you that, under this rule, the driver of the defendant's bus at the time in question, under the facts as here related, is *prima facie* guilty of negligence in running into the rear end of the car in which the plaintiff was a passenger, and this fact causes the burden to shift, and the driver must establish by the preponderance of the evidence that he was not guilty of negligence in striking the rear end of a car lawfully on the highway ahead of him. That is, the burden would shift for the driver of the bus to show that.''

We there said:

''The burden of proof in an action for negligence never shifts to the defendant. The presumption mentioned tentatively supplies enough to prevent a directed verdict against plaintiff and to require a defendant to go ahead with his proofs on the subject of negligence, and, if credible evidence is submitted, the plaintiff still has the burden of establishing defendant's negligence by a preponderance of the evidence. *Depue* v. *Schwarz,* 222 Mich. 308; *Noonan* v. *Volck,* 246 Mich. 377.

''The trial judge shifted the burden from plaintiff to defendant and permitted the jury to find defendant guilty of negligence, unless defendant established, by a preponderance of the evidence, that its driver was not guilty of negligence. This was error and highly prejudicial.''

The charge of the trial court complained of here had the effect of casting the burden of proof upon defendant to show that the accident happened in the manner related by him. It should be noted that the trial court also instructed the jury that the bur-

den of proof was upon plaintiff to show that he was free from contributory negligence; and that defendant was guilty of negligence which was the proximate cause of plaintiff's injury. The result of these instructions would be confusing to a jury. In our opinion it was error to instruct the jury that the burden of proof was upon defendant to show that the accident took place as related by him.

The judgment is reversed and the cause remanded for a new trial, with costs to defendant.

CARR, C. J., and BUSHNELL, REID, and DETHMERS, JJ., concurred with SHARPE, J.

BOYLES, J. (*concurring*). I concur in reversal on the grounds stated but cannot approve of a statement in the charge to the effect that the court did not believe the testimony of the defendant. Credibility of witnesses is for the jury. The court should not have charged the jury, ''I don't think that the accident happened the way the defendant says it did.'' The further attempt by the trial judge in this case to influence the verdict by arguing in favor of one of the parties should not be approved. The right given the trial judge to comment on the testimony does not go so far as to permit the court to argue the case for one of the parties. Both parties have an equal right to an impartial court.

BUTZEL and NORTH, JJ., concurred with BOYLES, J.