STATE OF IOWA, appellant, v. ROY LEE MARCUM, appellee.

No. 48297.

(Reported in 62 N.W.2d 238)

January 12, 1954.

Leo Hoegh, Attorney General, Raphael R. R. Dvorak, Assistant Attorney General, Clyde E. Herring, County Attorney, and Luther T. Glanton, Jr., Assistant County Attorney, all of Des Moines, for appellant.

George E. Flagg, of Des Moines, for appellee.

LARSON, J.—The State appealed defendant's acquittal on an O.M.V.I. charge assigning as error the court's exclusion of a written statement "purporting to be a confession." The State claimed the court erred because (1) "an accident report is admissible in a criminal case within the meaning of Section 321.271 of the 1950 Code of Iowa", and (2) "the same is not in fact an accident report * * * but an admission against interest, and if such be an accident report the privilege is waived." This statement started out as follows:

"To Whom It May Concern:

"I make this statement voluntarily, and of my own free will and accord, without threat or promise of any leniency whatever, knowing that it may be used against me in court. I know this statement is not a part of my State Motor Vehicle Accident Report, nor a part of any other report required of me by law. I do not regard this statement as confidential in any way."

Then followed a statement of how the accident occurred including, "Me and another guy had a bottle of beer before I went to work." The alleged statement was taken about six hours after the accident and bore defendant's signature. There was no

showing that the total damage amounted to $50 or more. The other party left the scene immediately and is unknown.

Defendant denied he signed the statement, denied that the first paragraph was a part of any statement he gave the officer, although he acknowledged his signature was attached to the statement, and claimed that he was told by the officers that he must give a report on the accident and that such statement could not be used against him. He also denied actually being the driver of the car, claiming that his friend drove, and further stated that he had admitted he was the driver at the time of the arrest in an effort to avoid trouble with his insurance company.

I. It is well settled that the State may appeal from a judgment in a criminal case which is adverse to it. Section 793.20, Code of Iowa, 1950; State v. Wickett, 230 Iowa 1182, 300 N.W. 268, and cases cited therein; State v. Traas, 230 Iowa 826, 298 N.W. 862, and cases cited therein. But this right is subject to certain limitations. State v. Little, 210 Iowa 371, 375, 228 N.W. 67, 69, wherein we said:

"The purpose of Section 14012 [now 793.20] can hardly be misunderstood. It is to secure review by the higher court of erroneous rulings by the district court *on questions of law* which may be of use to the court and the profession in the administration of the criminal law. * * * Nothing could be more useless than appeals by the State from rulings directing verdicts of acquittal, unless a question of law, other than the mere sufficiency of the evidence to sustain a conviction, is involved." (Italics ours)

II. The statute does not contemplate an appeal in a case in which the only error alleged is that the court incorrectly decided that the evidence was not sufficient to warrant a submission of an issue to the jury. State v. Little, supra; State v. Spears, 123 Ark. 449, 185 S.W. 788. The court's ruling herein seems to fall in that category, for the substance of it was that the State's proof of admissibility was found insufficient. The State now speculates as to the reasons motivating the court's ruling.

III. It is elementary that this court does not determine

such questions of fact nor pass upon them when not decided by the trial court or jury in the first instance. Our sole duty is to determine the proper rules of law applicable to facts previously decided. Allman v. Gilbert, 14 Iowa 538; State v. Kneedy, 232 Iowa 21, 3 N.W.2d 611; State v. Traas, 230 Iowa 826, 298 N.W. 862; State v. Woodruff, 208 Iowa 236, 245, 225 N.W. 254, 257. While it is clear the State desires a decision on the question of whether or not an accident report is admissible in a criminal case, either with or without the consent of the defendant, that question cannot be decided in this appeal. We are not disposed to consider questions of grave importance that do not affirmatively arise on the record. State v. Gunn, 106 Iowa 120, 76 N.W. 510. This court must confine itself to the correction of errors at law and a possible review of facts determined from the evidence introduced below. Rule 334, Rules of Civil Procedure, Code of Iowa, 1950. The rule is stated in State v. Kneedy, supra, at page 27, as follows:

"It is neither our duty nor privilege to decide disputed fact questions. That is the function of the jury whose conclusion is binding upon us unless we are satisfied it is without substantial support in the evidence."

In the case at bar the statement was not specifically excluded by the court for the reason that it was an accident report, though it may have considered that factor in its decision. What were the facts? In the trial below, the State maintained that the statement was a confession and not an accident report. The testimony of the officer was that it was not such an accident as required a report and that they so informed the defendant, although it is true the defendant testified that he was informed he must make a report and gave information on that understanding. Defendant's objection to this offered evidence was that it was "incompetent, irrelevant and immaterial, no proper foundation laid, no proper corroboration to show that the statement was given freely and voluntarily", and no showing that defendant "knew what he was doing, that he was intoxicated." We must be provided a decision as to the facts, facts that would justify the determination of the law issues raised in the appeal, and we can make no such decision ourselves. The only testimony on this

question was given by the officer and the defendant, and it was in sharp conflict.

The court took testimony in the absence of the jury to determine whether or not the evidence would justify the submission of the statement to the jury and, after reviewing the circumstance surrounding its execution, came to the conclusion that it was insufficient. Its reasons, paramount or otherwise, remain its own as far as the record goes.

Therefore, upon what grounds the court did exclude it is unanswered. There appears no determination that the statement was or was not an accident report. Our only inquiry then is, were there sufficient grounds to sustain its ruling? We said in State v. Johnson, 243 Iowa 1319, 1320, 55 N.W.2d 196:

"It is necessary to refer only to the evidence which tends to support the verdict. We do not decide disputed fact questions in a criminal case. That is the function of the jury and its verdict is binding upon us unless we are satisfied it is without substantial support in the testimony or it is clearly against the weight of the evidence."

See also State v. Kneedy, supra; State v. Franklin, 242 Iowa 726, 46 N.W.2d 710, and citations; State v. Niehaus, 209 Iowa 533, 228 N.W. 308. And further, in State v. Friend, 213 Iowa 544, 546, 239 N.W. 132, 133, we said:

"The testimony on behalf of the State and on behalf of the defendant in the case at bar is, in many important particulars, squarely in conflict. * * * A review of the evidence and any conclusions we might reach in relation thereto would apply only to this particular case, under its peculiar and unusual facts, and would be of no value to bench or bar. In line with the previously cited cases, we hold that 'the ruling of the court below, directing the jury to return a verdict of not guilty does not present a question of law which this court is required to review.'"

From the two assignments of error we note even here an indefinite position of the State as to the nature of the statement. An assignment of error will be wholly disregarded when so indefinite as to necessitate speculation or an independent

investigation on the part of the court or opposing counsel, in order to determine the precise point or proposition upon which appellant is asking a reversal. Brown v. Des Moines Steam Bottling Works, 174 Iowa 715, 156 N.W. 829, 1 A. L. R. 835.

██ Far too much is here left to speculation, speculation by this court, to permit our passing on the assignments listed. If we were to do so, we must first find that the statement was knowingly executed by the defendant, and second, that it was in fact an accident report, and third, that the court excluded it for that reason. Only then could we pass on the questions raised by the assignments of error. These findings of fact, of course, we cannot make, and must therefore conclude that no issues are submitted by the assignment of errors upon which this court may now determine the applicable law. The appeal must be dismissed. —Appeal dismissed.

BLISS, C. J., and OLIVER, GARFIELD, WENNERSTRUM, SMITH, and THOMPSON, JJ., concur.

MULRONEY and HAYS, JJ., concur in result.