STATE OF IOWA, appellant, v. BURNELL LEON FLACK, appellee.

No. 49773.

(Reported in 101 N.W.2d 535)

530

MARCH 8, 1960.

Norman A. Erbe, Attorney General, Marion R. Neely, Assistant Attorney General, and Evan L. Hultman, of Waterloo, County Attorney, for appellant.

K. L. Kober, of Waterloo, for appellee.

GARFIELD, J.—The question presented by the State's appeal from this judgment of acquittal of operating a motor vehicle while intoxicated (OMVI) is whether it was error to exclude as confidential under section 321.271, Code, 1958, testimony of a police officer as to defendant's admissions made to him while he was investigating the accident out of which the charge arose. We hold the ruling was error.

I. The judgment of acquittal is final as to defendant. However, we will entertain an appeal by the State in a criminal case where it presents a legal question the determination of which will be beneficial, or a guide, to trial courts in the future. See Code section 793.20; State v. Koeppel, 250 Iowa 1052, 1053, 97 N.W.2d 926, 927, and citations. See also State v. Marcum, 245 Iowa 396, 398, 62 N.W.2d 238, 239, and citations. We think this is such a case.

II. Little need be said regarding the facts. Donald Morelock, a police officer in Waterloo, was sent to investigate an automobile accident in that city late one night. He testified he found defendant in a house, not his home, near the scene of the wreck and asked him whether he was the driver of the wrecked

automobile and had been drinking intoxicating liquor. The court sustained defendant's objection as confidential under Code sections 321.271 and 321.273 to the State's offer of testimony, in the jury's absence, that defendant told the officer he was the driver of the automobile and had been drinking prior to the accident. This is the ruling we are asked to review.

Morelock did testify later that defendant stated, later the same night, he was driving the car.

It appears the information Morelock obtained near the scene of the accident was, or at least could have been, embodied in his written report to the state motor vehicle department required by Code section 321.266. We assume it was included in the report.

III. Code section 321.271, which was the basis of the trial court's ruling, provides: "All accident reports shall be in writing and the written report shall be without prejudice to the individual so reporting and shall be for the confidential use of the department, except that upon the request of any person involved in an accident, or the attorney for such person, the department shall disclose the identity of the person involved in the accident and his address. A written report filed with the department shall not be admissible in or used in evidence in any civil case arising out of the facts on which the report is based."

Sections 321.273, 321.274 have no application here. Section 321.273 authorizes municipalities to require by ordinance a report by the driver of a motor vehicle involved in an accident to be filed with a designated city department. The report is for the confidential use of the city department "and subject to the provisions of section 321.271." Section 321.274 requires that in a city like Waterloo of 15,000 or more population such a report must be made at the office of the chief of police.

What is now section 321.271 was first enacted in 1937 as section 302, chapter 134, Laws of Forty-seventh General Assembly. No change that is here important has ever been made in the first sentence of the statute. However a significant change was made in the second (last) sentence thereof. With an exception not here material this provision originally was: "No such report shall be used as evidence in any trial, civil or criminal,

arising out of an accident, * * *." In 1939 the Forty-eighth General Assembly repealed the original statute and inserted in lieu thereof what is now Code section 321.271, quoted above. We repeat the last sentence: "A written report filed with the department shall not be admissible in or used in evidence in any civil case arising out of the facts on which the report is based."

Thus the language of the original law expressly dealing with the inadmissibility in evidence of the report, "in any trial, civil or criminal," was changed to read "in any civil case."

■ Although the statute in terms makes only the written report inadmissible in evidence in a civil case we have held several times that evidence of oral communications which are embodied in the written report of the investigating officer are also rendered inadmissible by the statute in a civil case. Mc-Bride v. Stewart, 227 Iowa 1273, 1277, 290 N.W. 700, 702; Vandell v. Roewe, 232 Iowa 896, 898, 6 N.W.2d 295, 296; Bachelder v. Woodside, 233 Iowa 967, 973, 974, 9 N.W.2d 464, 467; Ehrhardt v. Ruan Transport Corp., 245 Iowa 193, 203, 61 N.W.2d 696, 702.

However, the investigating officer may testify in a civil case to observations made by him at the scene of the accident and to statements made in his presence which were not intended as a report or information given therefor. Goodman v. Gonse, 247 Iowa 1091, 1104, 76 N.W.2d 873, 880, 881; Bachelder v. Woodside, supra.

We have no occasion to re-examine here the cited precedents commencing with McBride v. Stewart, supra, to the effect that what is now section 321.271 makes inadmissible in a civil case evidence of verbal communications included in the written report of the investigating officer. We merely observe that decisions of some courts are contrary to ours. Ritter v. Nieman, 329 Ill. App. 163, 67 N.E.2d 417, 420, 421, where the statute was the same as the original Iowa statute; Heiman v. Kolle, 317 Mich. 548, 27 N.W.2d 92, 94; Wallace v. Skrzycki, 338 Mich. 165, 61 N.W.2d 106, 109; Rockwood v. Pierce, 235 Minn. 519, 51 N.W.2d 670, 677-679, although under a somewhat different statute.

We now hold that the written accident report required by section 321.266 and evidence of oral admissions by a defendant which may have been included in such report are not rendered inadmissible by section 321.271 in a criminal case. Subsequent to the change in the law in 1939 such evidence is made inadmissible only in a civil case arising out of the facts on which the report is based.

As previously explained, before the 1939 change in the statute it provided the report should not be used in any trial, civil or criminal, arising out of an accident. The 1939 amendment is a clear indication of the purpose of the legislature to change the meaning of the law so the report is made inadmissible in evidence only in a civil case arising out of the facts on which the report is based. Defendant would attach the same meaning to the law since the amendment that it previously had. Thus, according to him, the legislature accomplished nothing by the change.

We think there is applicable here the rule that a change in the language of a statute usually indicates an intention to change its meaning. Crawford v. Iowa State Highway Comm., 247 Iowa 736, 742, 76 N.W.2d 187, 191; Andrew v. American Sav. Bk., 217 Iowa 447, 452, 252 N.W. 245; Bonifas-Gorman L. Co. v. Michigan Unemployment Comp. Comm., 313 Mich. 363, 21 N.W.2d 163, 165; 82 C. J. S., Statutes, section 384b(2), page 904 ("It will be presumed that the legislature, in adopting an amendment, intended to make some change in the existing law, and therefore the courts will endeavor to give some effect to the amendment."); 50 Am. Jur., Statutes, sections 3, 357 ("* * * the legislature is not to be presumed to have done a vain thing in the enactment of a statute.").

Also to be applied is the familiar rule of statutory construction that the express mention of one thing ("any civil case") by the 1939 legislature implies the exclusion of others, such as any criminal case. The Latin maxim is "expressio unius est exclusio alterius." Thus the legislative intent is expressed by omission as well as by inclusion. Spencer Publishing Co. v. City of Spencer, 250 Iowa 47, 53, 92 N.W.2d 633, 636; Everding v. Board of Education, 247 Iowa 743, 750, 751, 76 N.W.2d 205, 210; Vale v. Messenger, 184 Iowa 553, 558, 168 N.W. 281;

Sebewaing Industries v. Village of Sebewaing, 337 Mich. 530, 60 N.W.2d 444, 447, 448; Ledwith v. Bankers Life Ins. Co., 156 Neb. 107, 54 N.W.2d 409, 418; 82 C. J. S., Statutes, section 333a; 50 Am. Jur., Statutes, section 244. It is not our province to write into section 321.271 what the legislature deleted therefrom in 1939.

Defendant evidently relies upon language in the first sentence of 321.271 that the written report "shall be without prejudice to the individual so reporting." His contention that the evidence excluded here would have been prejudicial to him may be accepted.

As applied to the problem before us the first sentence of the law is general in nature. It relates to the confidential character of the report. It does not purport to deal with the admissibility in evidence of the report. The last sentence clearly relates to that particular subject and no other. It is concerned with only one phase of the subject with which the statute deals. It is special in nature.

 It is a fundamental rule of statutory construction frequently applied by us that where a general provision of statute and a special one conflict, the latter will prevail and the former must give way. The special provision will be considered an exception to or qualification of the general one. The rule applies even though the special provision was passed before the general one.

Quite in point is Crawford v. Iowa State Highway Comm., supra, 247 Iowa 736, 739–741, 76 N.W.2d 187, 189, 190. The question there was whether notice of appeal in a condemnation proceeding instituted by the state highway commission must be served upon the sheriff as required by Code section 472.18 or merely upon the attorney general, his assistant, or the commission's chief engineer as required *by the second sentence* of 472.19. We held 472.18 *and the first sentence* of 472.19 were general provisions applicable to all types of condemnation proceedings, and the second sentence of 472.19 was a special statute which prevailed over the general provisions. The first sentence of the section containing the special statute provided, "Such notice of appeal shall be served in the same manner as an original notice."

The Crawford opinion cites many authorities. Among the quotations it approves is one from 50 Am. Jur., Statutes, section 367, which in turn is supported by numerous precedents. Because we think it directly applicable we repeat it here:

"It is an old and familiar principle * * * that where there is in the same statute a specific provision, and also a general one which in its most comprehensive sense would include matters embraced in the former, the particular provision must control, and the general provision must be taken to affect only such cases within its general language as are not within the provisions of the particular provision. Additional words of qualification needed to harmonize a general and a prior special provision in the same statute should be added to the general provision, rather than to the special one. Under these rules, where there is, in the same statute, a general prohibition of a thing and a special permissive recognition of the existence of the same thing under regulation, the particular specified intent on the part of the legislature overrules the general intent incompatible with the specific one."

To like effect is this from 82 C. J. S., Statutes, section 347b, pages 720–722, for which many decisions are also cited: "Where, however, general provisions, terms, or expressions in one part of a statute are inconsistent with more specific or particular provisions in another part, the particular provisions must govern or control, as a clearer and more definite expression of the legislative will, unless the statute as a whole clearly shows a legislative intention to the contrary, or some other canon of statutory construction compels a contrary conclusion. This is true whether the special provisions precede or follow the general ones, and regardless of the otherwise proper construction of the general provisions."

Other Iowa precedents which support the view that the last sentence of 321.271 is controlling over the language of the statute relied upon by defendant include: Novak v. Oneida Township School Board, 250 Iowa 668, 671, 95 N.W.2d 291, 293; City of Mason City v. Zerble, 250 Iowa 102, 109, 93 N.W.2d 94, 98, closely in point in principle; Warren v. Iowa State Highway Comm., 250 Iowa 473, 479, 93 N.W.2d 60, 64; Shelby County Myrtue Memorial Hosp. v. Harrison County,

249 Iowa 146, 152, 153, 86 N.W.2d 104, 108, 109, and citations, where the conflicting provisions were in the same amendatory act; Grant v. Norris, 249 Iowa 236, 246, 247, 85 N.W.2d 261, 267 ("Specific provisions control general ones in a statute."); McBride v. Des Moines City Railway Co., 134 Iowa 398, 405, 109 N.W. 618.

IV. We are not called upon to speculate, apart from the language used, as to probable legislative intent in providing that accident reports shall be inadmissible in evidence only in civil cases arising out of the facts on which the reports are based. See Ashby v. School Township of Liberty, 250 Iowa 1201, 98 N.W.2d 848, 857, 858, and citations. However, it seems clear there is ample basis for the legislature, if it chose to do so, to distinguish between private litigation and criminal cases in which the public interest is more direct. At least it may not be said admission of the excluded evidence here would mean that an enforcement officer is furthering the interests of one party to private litigation.

V. It must be admitted there is language in Ehrhardt v. Ruan Transport Corp., supra, 245 Iowa 193, 203, 61 N.W.2d 696, 702, which supports the trial court's ruling. It is there said information given an officer for the purpose of making a written report and the report itself cannot be used in evidence in any civil *or criminal* action. Responsibility for the trial court's error is therefore largely ours. Insofar as the Ehrhardt opinion refers to criminal cases the language is dictum and is now disapproved. That was not a criminal case. The question presented by this appeal was not involved in the Ehrhardt case and we did not intend to decide it there.

In State v. Marcum, supra, 245 Iowa 396, 62 N.W.2d 238, the State did seek a decision on the question now decided but we declined the request on the ground the record did not properly present the error assigned. The Marcum opinion, which followed the Ehrhardt one by only a month, refers (at page 399 of 245 Iowa, page 239 of 62 N.W.2d) to the question as one of grave importance. This is an indication we did not feel the question was decided in the Ehrhardt case.

State v. Miskell, 247 Iowa 678, 687, 73 N.W.2d 36, 41, holds admission of a patrolman's testimony as to statements

defendant made to him during investigation of the accident was not prejudicial error in view of defendant's own damaging testimony at the trial.

VI. Of course the accident report of an officer may perhaps be inadmissible in a criminal case on a ground other than that urged by defendant here. It may, for example, consist of hearsay statements or of opinions or conclusions of the officer. Our holding is that the written report or oral communications to the officer which are included in it are rendered inadmissible by section 321.271 only in such a case as the legislature has so provided—a civil case arising out of the facts on which the report is based.

Although the present cause is not remanded it is, because of the erroneous exclusion of testimony, reversed.—Reversed.

All JUSTICES concur except THORNTON, J., who takes no part.