**STATE of Iowa, Appellee,**

v.

**Eugene THOMAS, Appellant.**

**No. 54341.**

Supreme Court of Iowa.

Sept. 27, 1971.

**464**

Thomas J. Reilly, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Michael J. Laughlin, Asst. Atty. Gen., and Ray Fenton, County Atty., Des Moines, for appellee.

REYNOLDSON, Justice.

This defendant was charged with forgery (§ 718.1, Code, 1971) by grand jury indictment. He was tried, convicted, sentenced, and now appeals. We affirm.

At trial, the defendant introduced no testimony or evidence. Testimony of State's witnesses would warrant the jury in finding as fact the following statements. Defendant entered the Jack Wallace Radio Store in Des Moines on February 6, 1970,

where he made purchases to the amount of $48.08. He produced a Bank Americard credit card carrying the name "George B. Thompson" and signed that name on the credit card sales slip.

Defendant was later apprehended attempting to buy merchandise in another store with the same credit card. He first claimed to be George B. Thompson and stated he had signed the credit card sales slip. Later, defendant admitted he was Eugene Thomas and the Bank Americard along with several other credit cards had been found in a car he had stolen in California and driven to Des Moines.

During trial George B. Thompson of Los Angeles, California, identified the Bank Americard as his. State's handwriting expert compared the sales slip signature with defendant's handwriting on the exemplar exhibit and testified in his opinion both writings were produced by the same person.

 I. When the case was submitted to the jury, defendant's trial counsel, who was not counsel on this appeal, requested an instruction on the issue of a claimed lesser included offense, receiving goods by false personation, § 713.2, Code, 1971. This request was refused. No mention of this issue raised below appears in defendant's brief. It was not argued on submission. Exceptions to instructions or exceptions to trial court's refusal to give instructions, not assigned as error or referred to in argument, need not be considered on appeal. State v. Garrett, 183 N. W.2d 652, 656 (Iowa 1971); State v. Brown, 216 Iowa 538, 544, 245 N.W. 306, 308 (1932). We have said the particular error must be pointed out. State v. Badgett, 167 N.W.2d 680, 688 (Iowa 1969); State v. Marcum, 245 Iowa 396, 400–401, 62 N.W.2d 238, 240 (1954); State v. Critelli, 237 Iowa 1271, 1281, 24 N.W.2d 113, 119 (1946).

II. On appeal defendant argues trial court error in not instructing on a different claimed lesser but included offense, false use of credit cards, § 713.39, Code, 1971. This issue was not raised below. No request was made for this particular instruction, no exception was taken because of its omission, and no error based on omission was included in motion for new trial. Under these circumstances this court is not required to review an assignment of error for failure to give instruction. State v. Carstens, 182 N.W.2d 119, 121 (Iowa 1970); State v. Miller, 254 Iowa 545, 557, 117 N.W.2d 447, 455 (1962). For situations in which the court has reviewed for failure to instruct, as a matter of grace only, see State v. Pullen, 252 Iowa 1324, 1328, 110 N.W.2d 328, 331 (1961); State v. Kramer, 252 Iowa 916, 920, 109 N.W.2d 18, 20 (1961); cf. State v. Brown, 172 N.W.2d 152 (Iowa 1969).

Our statutory duty to review the record without regard to technical errors or defects which do not affect substantial rights of parties (§ 793.18, Code, 1971) does not mandate a reversal where errors asserted below are not raised on appeal or where proper objections were not made below to errors assigned in this court. State v. Galvan, 181 N.W.2d 147, 149 (Iowa 1970); State v. Torrence, 257 Iowa 182, 192, 131 N.W.2d 808, 814 (1964); State v. Harty, 167 N.W.2d 665, 669 (Iowa 1969). This court may summarily dispose of such an appeal. State v. Mabbitt, 257 Iowa 1063, 1066, 135 N.W.2d 525, 527 (1965).

III. Defendant asserts he was denied a fair trial. With this in mind, we have carefully examined the record. Defendant did have a fair trial and we find no error. The case is

Affirmed.

All Justices concur.