**Rex PIERCE, Jr., a minor, by his Next Friend, Janet Pierce, Plaintiff,**

v.

**NEW YORK CENTRAL RAILROAD COMPANY, Defendant.**

Civ. A. No. 4813.

United States District Court
W. D. Michigan, S. D.

June 30, 1969.

Stiles & Fowler, Lansing, Mich., for plaintiff; Larry D. Fowler, Lansing, Mich., of counsel.

Wheeler, Upham, Bryant & Uhl, Grand Rapids, Mich., for defendant; Gordon B. Wheeler, Grand Rapids, Mich., Patrick E. Hackett, Detroit, Mich., of counsel.

SUPPLEMENTAL OPINION

FOX, District Judge.

An ancient rule of the Michigan Supreme Court requires a five per cent

---

5. See Book 2, Louisiana Civil Code.

reduction of future damages as determinative of present worth.[1] Rivers v. Bay City Traction & Elec. Co., 164 Mich. 696, 708, 128 N.W. 254, 259 (1910), reh. denied 164 Mich. 696, 710, 131 N.W. 86, 87 (1911). However, the same Supreme Court has also stated that inflation and the resulting diminution of a dollar may be considered. Knights of Equity Memorial Scholarship Comm. v. University of Detroit, 359 Mich. 235, 238, 102 N.W.2d 463, 465 (1960); Norman v. Thomas Theatre Corp., 349 Mich. 50, 61–62, 84 N.W.2d 451, 456–457 (1957);[2] Miller v. Miller, 320 Mich. 43, 46, 30 N.W.2d 509, 510 (1948). Therefore, the problem is how to offset these two competing factors. Must one "jack up" a verdict to compensate for inflation or can present worth be merely offset by a consideration of inflation? The court deems these cases to be a mandate for the trier of the facts to consider "not only" a reduction to present worth, but also "countervailing" factors of inflation and resulting diminution of dollars value.

Defendant in its appellate brief, urged that the district court "despite its awareness of the Michigan rule requiring reduction of future damages to their present worth, did not so reduce the damages," citing * * * Gowdy v. United States, 271 F.Supp. 733 (W.D.Mich.), rev'd. on other grounds, 412 F.2d 525 (6th Cir. June 20, 1969); Pierce, Jr. v. New York Central R. R. Co., 409 F.2d 1392 (6th Cir. April 21, 1969).

In Gowdy, supra, 271 F.Supp. at 752, the court observed:

Under Michigan law, future damages should be reduced to present worth. Professor Henderson testified that according to information obtained from the Bureau of Labor Statistics of the U. S. Department of Labor, future wages are reasonably expected to increase at the rate of 5% per annum. This balances out the 5% formula for reduction of future damages to present worth. Future wage increases that would reasonably be expected by Gowdy would be equal to the adjustment of his future damages to present worth.[3]

This court can take judicial notice of the publications of the Bureau of Labor Statistics of the United States

---

1. This rule, if unmodified, presupposes a stable, unchanging economy.

2. To defendant's contention that plaintiff's jury verdict was excessive the court stated, at page 456:
"We find it appropriate in the way of answer to say that the jury was entitled to take into account the reduced value of today's dollar in making its criticized assessment, and that what might in the past have been excessive is not on the same facts necessarily exorbitant today. Judged in such light, we cannot say that this verdict is excessive.
On the very day of this writing (July 15, 1957), the Detroit Free Press observed editorially something this Court may and should judicially notice: '* * * and the pace of inflation has been stepped up from a crawl to a trot.' In 1950 the editorial writers of American Law Reports prepared an exhaustive brief entitled 'Changes In Cost Of Living Or In Purchasing Power Of Money As Affecting Damages For Personal Injuries Or Death' (12 A.L.R.2d 611). (They might well prepare another, bringing 1950 into comparative array with the

Free Press' characterization of 1957). In such annotation it is shown that the courts of this country are generally agreed that judicial review of verdicts in personal injury cases should take into account the fact that a change has taken place in the purchasing power of money, and in the cost of living, which of right may be reflected in damage awards; further, that such economic developments are so much a matter of common knowledge that judges and juries are entitled to consider them although not expressly proven in evidence." (Citations omitted.)

3. Professor Henderson also testified during the Pierce trial and referred to the same material presented in Gowdy. (Transcript, June 14–15, 1967, pp. 64–86, particularly page 85) "A. Assuming he finishes high school, assuming he finishes high school, I estimate that his loss of earnings would be $284,680; assuming he finishes the eighth grade, his life earnings would be $226,690."
This court was in error when it granted defendant's motion to strike the above answer.

Department of Labor. See Fed.R.Civ. Proc. 44(a) (1); Comm. on Rules of Practice & Procedure, Preliminary Draft of Proposed Rules of Evidence for the United States District Courts and Magistrates 8–03(8).

Simply stated, the five per cent per annum increase in wages is an inflationary factor which was considered in both Gowdy and Pierce.

The appellate court mandated this court to make a "clear statement of whether and how the Michigan rule requiring reduction of damages was applied." In the oral opinion rendered, the court attempted to show that it was offsetting a consideration of inflation against the present worth rule. At page 14 of the oral opinion it was said:

"Now, we have in Michigan a rule that future damages should be brought down to present worth. But we do also know that inflation and the ever-climbing gross national product has pretty well balanced out reduction of damages of future earnings, or loss of future earnings to present worth."

This same principle was applied to the damages awarded for future pain and suffering as well as future loss of life's enjoyments.

The mathematics of the computation are quite simple. Using the element of loss of earning capacity, which the court concluded to be $2,500 [4] for 35 years, or $87,500, a reduction to present worth would have resulted in a figure of $49,775. See Appendix A.

■ However, assuming an average inflationary trend of five per cent a year, any reduction to present worth was offset. See Appendix B. Therefore, the court, fully mindful of the Michigan present worth rule, took into considera-

tion the inflationary trend of our nation's economy and merely made an appropriate offset. The amount of damages should remain the same.

In Gowdy, supra, 271 F.Supp. at 748, it was stated that a party is entitled to receive *full* compensation for his damages:

"[A party] is entitled to compensation which adequately. and fully flows from the injuries he has sustained as a result of the defendant's negligence. Fair compensation is that which puts the plaintiff in as good a condition as he would have been if the injuries had not occurred. Anything short of this is inadequate. A person who causes an injury to another should not be allowed to cast any portion of the actual or appreciable loss on the party whom he has injured."

The computations illustrate that the factoring in of an inflationary figure effectively cancels out the present worth figure. This court made precisely this calculation when it determined the damages in this case. Thus, to calculate inflation on a dollar and then reduce it to present value or vice-versa would result in identical amounts.

For example, if one assumes that an invested dollar will earn five per cent interest per annum then that dollar will increase to $2.30 after 26 years. However, if the purchasing power of a dollar is reduced five per cent per annum, 26 years hence it will require $2.30 to purchase what it presently costs $1.00 to buy.

Therefore, plaintiff is still entitled to the original amount of damages awarded —$132,500, together with interest as provided in the original judgment of July 7, 1967.

4. This court took judicial notice of the current Population Reports Annual Mean Income and Educational Attainments in the United States For Selected Years 1956–1966, published by the United States Department of Commerce, that in 1956 a man with less than eight years of school had an annual income of $2,525, and a high school graduate had an annual income of $4,723, a difference of $2,195; and in 1966 a man with less than eight years of school had an annual income of $3,483, and a high school graduate had an annual income of $6,697, a difference of $3,214. As between these two differential figures the court selected $2,500 as an annual loss of income. This figure was selected with an abundance of caution and conservatism.

## APPENDIX A
### REDUCTION TO PRESENT WORTH

| | | | | |
|---|---|---|---|---|
| 1. | ($1.05) $2380 | | 26. (2.30) | 1086 |
| 2. | (1.10) 2272 | | 27. (2.35) | 1063 |
| 3. | (1.15) 2173 | | 28. (2.40) | 1041 |
| 4. | (1.20) 2083 | | 29. (2.45) | 1020 |
| 5. | (1.25) 2000 | | 30. (2.50) | 1000 |
| 6. | (1.30) 1923 | | 31. (2.55) | 980 |
| 7. | (1.35) 1851 | | 32. (2.60) | 961 |
| 8. | (1.40) 1785 | | 33. (2.65) | 943 |
| 9. | (1.45) 1724 | | 34. (2.70) | 925 |
| 10. | (1.50) 1666 | | 35. (2.75) | 909 |
| 11. | (1.55) 1612 | | | |
| 12. | (1.60) 1562 | | | |
| 13. | (1.65) 1515 | | | |
| 14. | (1.70) 1470 | | | |
| 15. | (1.75) 1428 | | | |
| 16. | (1.80) 1388 | | | |
| 17. | (1.85) 1351 | | | |
| 18. | (1.90) 1315 | | | |
| 19. | (1.95) 1282 | | | |
| 20. | (2.00) 1250 | | | |
| 21. | (2.05) 1219 | | | |
| 22. | (2.10) 1190 | | | |
| 23. | (2.15) 1162 | | | |
| 24. | (2.20) 1136 | | | |
| 25. | (2.25) 1111 | | | |

TOTAL : $49,775.00

## APPENDIX B
## CONSIDERATION OF INFLATION

1.) $1.05 present worth minus .05 for inflation = $1.00
2.) 1.10 " " " .10 " " = $1.00
3.) 1.15 " " " .15 " " = $1.00
4.) 1.20 " " " .20 " " = $1.00
5.) 1.25 " " " .25 " " = $1.00
6.) 1.30 " " " .30 " " = $1.00
7.) 1.35 " " " .35 " " = $1.00
8.) 1.40 " " " .40 " " = $1.00
9.) 1.45 " " " .45 " " = $1.00
10.) 1.50 " " " .50 " " = $1.00
11.) 1.55 " " " .55 " " = $1.00
12.) 1.60 " " " .60 " " = $1.00
13.) 1.65 " " " .65 " " = $1.00
14.) 1.70 " " " .70 " " = $1.00
15.) 1.75 " " " .75 " " = $1.00
16.) 1.80 " " " .80 " " = $1.00
17.) 1.85 " " " .85 " " = $1.00
18.) 1.90 " " " .70 " " = $1.00
19.) 1.95 " " " .95 " " = $1.00
20.) 2.00 " " " 1.00 " " = $1.00
21.) 2.05 " " " 1.05 " " = $1.00
22.) 2.10 " " " 1.10 " " = $1.00
23.) 2.15 " " " 1.15 " " = $1.00
24.) 2.20 " " " 1.20 " " = $1.00
25.) 2.25 " " " 1.25 " " = $1.00

26.) 2.30 " " " 1.30 " " = $1.00
27.) 2.35 " " " 1.35 " " = $1.00
28) 2.40 " " " 1.40 " " = $1.00
29) 2.45 " " " 1.45 " " = $1.00
30.) 2.50 " " " 1.50 " " = $1.00
31) 2.55 " " " 1.55 " " = $1.00
32) 2.60 " " " 1.60 " " = $1.00
33) 2.65 " " " 1.65 " " = $1.00
34) 2.70 " " " 1.70 " " = $1.00
35) 2.75 " " " 1.75 " " = $1.00